**Thomas O. CANITIA,**
**Plaintiff–Appellant,**

v.

**YELLOW FREIGHT SYSTEM, INC.,**
**Defendant–Appellee.**

**No. 89–3119.**

United States Court of Appeals,
Sixth Circuit.

Argued Nov. 13, 1989.

Decided Jan. 23, 1990.

Bruce B. Elfvin (argued), Elfvin & Associates, Cleveland, Ohio, for plaintiff-appellant.

James D. Kurek (argued) and Edward C. Kaminski, Buckingham, Doolittle & Burroughs, Akron, Ohio, for defendant-appellee.

Before WELLFORD and NELSON, Circuit Judges, and SUHRHEINRICH,* District Judge.

PER CURIAM.

Plaintiff Thomas Canitia sued his former employer, Yellow Freight System (YFS), alleging retaliatory discharge resulting from Canitia's testimony in the case of a fellow worker who successfully sued YFS for race and sex discrimination. Following discovery, the district court granted defendant YFS' motion for summary judgment and Canitia appeals.

Canitia had been a truck driver for YFS for some 13 years at the time of his termination in December, 1986. In January of that year, Canitia appeared as a witness for the plaintiff in a case entitled *Few v. Yellow Freight System, Inc.*, No. C85–2478A (N.D. Ohio). A decision in favor of Few came forth on April 24, 1986.

In the years prior to Canitia's involvement in the *Few* case, he received eight disciplinary letters to his file, and had been suspended once for his involvement in an accident. In the three months between giving his testimony and the delivery of judgment in *Few*, Canitia received one disciplinary letter. Following judgment in the *Few* case, he received six disciplinary letters in two months, and was subjected to a suspension. Plaintiff relies substantially on these facts as strong circumstantial evidence of retaliation.

The contractual grievance procedures allow an employee such as Canitia to present his case to a series of committees made up of equal numbers of management and union representatives. A majority of these representatives at any stage may reverse or modify disciplinary measures directed against the employee. If the final committee in the grievance process (the "Central States Committee") deadlocks on the issue of discipline, the matter is then referred to arbitration.

Upon returning to work following his August 1986 suspension, Canitia was called to meet with YFS management representatives Nick Marino and Joe Alder. Canitia maintains that his testimony in the *Few* case was brought up by management, an allegation which both Marino and Alder deny. They claim, rather, that their efforts to discuss Canitia's unsatisfactory on-the-job performance ended when Canitia swore at them and walked out of the meeting.

Later that month, YFS management placed Canitia under surveillance, using management members as well as an outside "spotting" firm, to discover instances in which plaintiff assertedly was "unreasonably abusing" company time. This occurred while Canitia was on "overtime" status. Manager Marino decided to seek to terminate Canitia as a consequence.

Following grievance proceedings undertaken as a consequence, Canitia's termination was converted to a suspension without pay or benefits. Upon his return to work, Canitia was once again placed under surveillance by YFS management, whose investigation resulted in allegations that Canitia was still engaging in the same type of delay and misconduct. On December 26, 1986, Canitia was discharged, and this discharge was upheld by the grievance committee.

Following an initial dismissal, appeal, and remand, this case moved into its discovery phase in February, 1988. Thereafter, YFS moved for summary judgment. After the time for responding to this motion had elapsed, Canitia moved for an extension of time to respond. This motion of Canitia was denied, and the district court granted summary judgment for defendant YFS. Canitia's subsequent motion to alter

---

* The Honorable Richard F. Suhrheinrich, Judge, United States District Court for the Eastern District of Michigan, sitting by designation.

198

or amend this judgment was granted by the district court in January, 1989, and Canitia was then given an opportunity to respond to YFS' motion for summary judgment. After considering this response, the district court then reaffirmed its earlier grant of summary judgment.

The district court found that plaintiff failed to establish a prima facie case of retaliatory discharge. Furthermore, the court found that even if Canitia could be deemed to make out a prima facie case, YFS had come forward with a non-retaliatory, legitimate basis for the termination. The district court concluded that "in order to raise a genuine issue of material fact plaintiff must produce evidence showing that the reason given is a mere pretext. There is no such evidence before this Court."

In order to establish a case of retaliatory discharge, plaintiff must prove (1) that he engaged in an activity protected by Title VII; (2) that this exercise of his proper protected civil rights was known to defendant; (3) that defendant thereafter took an employment action adverse to the plaintiff; and (4) that there was a causal connection between the protected activity and the adverse employment action. *Wrenn v. Gould,* 808 F.2d 493 (6th Cir.1987); *Cohen v. Fred Meyer, Inc.,* 686 F.2d 793 (9th Cir.1982).

If and when plaintiff has established a prima facie case, the burden of production of evidence shifts to the employer to "articulate some legitimate, nondiscriminatory reason" for its actions. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973); *Wrenn,* 808 F.2d at 501. The plaintiff, who bears the burden of persuasion throughout the entire process, then must demonstrate "that the proffered reason was not the true reason for the employment decision." *Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 256, 101 S.Ct. 1089, 1095, 67 L.Ed.2d 207 (1981).

The district court found that Canitia had established the first three elements of his claim, but had failed to establish the causal connection between his testimony in *Few* and his termination:

[T]here is no direct evidence showing that defendant's actions against plaintiff were motivated by a desire to retaliate for testimony given by plaintiff in the civil suit. Nor are there any inferences to be drawn which support such a finding. Simply, plaintiff has failed to establish that defendant had a retaliatory motive. Thus, there is no genuine issue of any material fact and ... defendant is entitled to judgment as a matter of law.

Furthermore, the court found that even if plaintiff had made out a prima facie case, YFS had established a legitimate and nondiscriminatory reason for the termination:

The plaintiff's deficient job performance, as evidenced by the continued string of written warnings, provides a legitimate reason for the first hearing. This conclusion is supported by the fact that the State Grievance Committee upheld the suspension.... Affirmance [of the later discharge] by the State Grievance Committee and the previous work performance problems of plaintiff demonstrate that the discharge was for a legitimate reason.

A Title VII case "begins with the plaintiff's duty to establish a prima facie case by showing such facts as give rise to an inference of unlawful discrimination. That is a burden easily met." *Wrenn,* 808 F.2d at 500. Given the timing of events, Canitia's participation in the *Few* trial and his subsequent, frequent disciplinary problems, the trial court should consider whether Canitia had arguably established a prima facie case by circumstantial evidence.

YFS did supply ample evidence to meet its burden of establishing a legitimate reason for its treatment of Canitia. Canitia's further burden, then, was "to produce direct, indirect or circumstantial evidence" that his treatment, in substantial part, was the result of retaliatory motive. *Gagne v. Northwestern National Insurance Co.,* 881 F.2d 309, 314 (6th Cir.1989).

It is clear that merely making out a prima facie case does not automatically

save appellant from a summary judgment motion. Indeed, the inference of discrimination created by the prima facie case is dispelled once the employer's reason is stated, until and unless the latter is shown to be a pretext.

*Gagne*, 881 F.2d at 314 (internal quotation marks and citations omitted).

"The plaintiff bears the burden of proving that the protected activity was a 'significant factor' in the decision to discharge." *Polk v. Yellow Freight System, Inc.*, 876 F.2d 527, 531 (6th Cir.1989) ("[t]o be a 'significant factor,' it must be *one* of the *reasons* for the discharge; the plaintiff need not prove that the discharge would not have occurred absent the protected activity"), citing *Taylor v. General Motors Corp.*, 826 F.2d 452, 456 (6th Cir.1987) (emphasis added). While Canitia has provided little by way of direct evidence of retaliatory motive other than the inference raised by the timing of the discharge, there is the contested discussion about his testimony for Few after the trial. Specifically, Canitia alleges that Marino raised the issue of his testimony; YFS notes that Canitia's affidavit says only that Marino "alluded" to the testimony, and that Canitia's deposition does not assert that Marino made a direct reference to the testimony. YFS points out, moreover, that there is "no record evidence" to suggest that other witnesses on behalf of Few have alleged any discrimination or retaliation.

While the issue is close in this case, since every reasonable and favorable inference should be given to Canitia's version or allegations concerning the issue of intent to retaliate and its effect on a termination rather than some lesser penalty, we incline toward the view that there is a genuine issue of material fact which precludes the grant of summary judgment.

Our decision in this respect is buttressed by Canitia's claim of comparative evidence (driver manifests indicating a lack of YFS objective standards, and comparative data suggesting that Canitia did not indeed "abuse" company time, at least in reference to the alleged conduct of other drivers.) The district court did not discuss this evidence in its memorandum opinion, nor did it consider that the timing of a number of disciplinary notices after Canitia had testified had any significance. Instead, the district court held that there were no inferences to be drawn that defendant's actions against plaintiff were motivated by a desire to retaliate. Direct evidence of retaliation is difficult to come by in this type of case. *See Polk v. Yellow Freight System, supra.* The adverse decision in the grievance process is a factor to be taken into account against Canitia, but it is not determinative. *Jasany v. United States Postal Service*, 755 F.2d 1244 (6th Cir.1985).

We are concerned, in sum, that the district court may have weighed the evidence, made credibility determinations, or overemphasized the effect of the grievance decision in awarding summary judgment. There appears to be an issue of material and significant controversy about an alleged inquiry into Canitia's testimony in *Few* that precludes summary judgment. The time span involved with respect to disciplinary actions with respect to the protected action does not preclude the drawing of an inference of retaliation as argued by defendant.

We, accordingly, REVERSE and REMAND for further proceedings consistent with this decision.