**Thomas O. CANITIA,**
**Plaintiff–Appellant,**

v.

**YELLOW FREIGHT SYSTEM, INC.,**
**Defendant–Appellee.**

**No. 89–3119.**

United States Court of Appeals,
Sixth Circuit.

Argued Nov. 13, 1989.

Decided May 22, 1990.

Rehearing and Rehearing En Banc
Denied July 10, 1990.

Bruce B. Elfvin (argued), Elfvin & Associates, Cleveland, Ohio, for plaintiff-appellant.

James D. Kurek (argued), Edward C. Kaminski, Buckingham, Doolittle & Burroughs, Akron, Ohio, for defendant-appellee.

Before WELLFORD and NELSON, Circuit Judges; and SUHRHEINRICH,* District Judge.

PER CURIAM.

The opinion filed in this cause January 23, 1990, and reported at 894 F.2d 196, is withdrawn following reconsideration in response to defendant Yellow Freight System, Inc.'s (YFS') petition for rehearing. We have reviewed our decision carefully in light of the petition for rehearing, the response of plaintiff, and the record in this cause. This careful review of the record before us establishes that we relied on

---

* The Honorable Richard F. Suhrheinrich, United States District Judge for the Eastern District of     Michigan, sitting by designation.

erroneous factual information, and may have used unnecessarily confusing language in describing the applicable legal burdens in a Title VII case.

Plaintiff Thomas Canitia sued his former employer, YFS, alleging retaliatory discharge resulting from Canitia's testimony in the case of a fellow worker who successfully sued YFS for race and sex discrimination. Following discovery, the district court granted defendant YFS' motion for summary judgment, and Canitia appealed.

Canitia had been a truck driver for YFS for some 13 years at the time of his termination in December, 1986. In January of that year, Canitia appeared as a witness for the plaintiff in a case entitled *Few v. Yellow Freight System, Inc.*, No. C85–2478A (N.D.Ohio). A decision in favor of Few came forth on April 24, 1986, 1986 WL 6871.

In the three months between giving his testimony and the delivery of judgment in *Few*, Canitia received one disciplinary letter. Following judgment in the *Few* case, he received six disciplinary letters in two months, and was subjected to a suspension. Plaintiff relies substantially on these facts as strong circumstantial evidence of retaliation.

The contractual grievance procedures allow an employee such as Canitia to present his case to a series of committees made up of equal numbers of management and union representatives. A majority of these representatives at any stage may reverse or modify disciplinary measures directed against the employee. If the final committee in the grievance process (the "Central States Committee") deadlocks on the issue of discipline, the matter is then referred to arbitration.

Upon returning to work following his August 1986 suspension, Canitia was called to meet with YFS management representatives Nick Marino and Joe Alder. Canitia maintains that his testimony in the *Few* case was brought up by management, an allegation which both Marino and Adler deny. They claim, rather, that their efforts to discuss Canitia's unsatisfactory on-the-job performance ended when Canitia swore at them and walked out of the meeting.

Later that month, YFS management placed Canitia under surveillance, using management members as well as an outside "spotting" firm, to discover instances in which plaintiff assertedly was "unreasonably abusing" company time. This occurred while Canitia was on "overtime" status. Manager Marino decided to seek to terminate Canitia as a consequence.

Following grievance proceedings, Canitia's termination was converted to a suspension without pay or benefits. Upon his return to work, Canitia was once again placed under surveillance by YFS management, whose investigation resulted in allegations that Canitia was still engaging in the same type of delay and misconduct in the carrying out of his driver-delivery duties. On December 26, 1986, Canitia was discharged, and this discharge was upheld by the grievance committee.

Following an initial dismissal, appeal, and remand, this cased moved into its discovery phase in February, 1988. Thereafter, YFS moved for summary judgment. After the time for responding to this motion had elapsed, Canitia moved for an extension of time to respond. This motion of Canitia was denied, and the district court granted summary judgment for defendant YFS. Canitia's subsequent motion to alter or amend this judgment was granted by the district court in January, 1989, and Canitia was then given an opportunity to respond to YFS' motion for summary judgment. After considering this response, the district court then reaffirmed its earlier grant of summary judgment.

The district court found that plaintiff failed to establish a prima facie case of retaliatory discharge. Furthermore, the court found that even if Canitia could be deemed to make out a prima facie case, YFS had come forward with a non-retaliatory, legitimate basis for the termination. The district court concluded that "in order to raise a genuine issue of material fact plaintiff must produce evidence showing that the reason given is a mere pretext.

There is no such evidence before this Court."

In order to establish a case of retaliatory discharge, plaintiff must prove (1) that he engaged in an activity protected by Title VII; (2) that this exercise of his protected civil rights was known to defendant; (3) that defendant thereafter took an employment action adverse to the plaintiff; and (4) that there was a causal connection between the protected activity and the adverse employment action. *Wrenn v. Gould,* 808 F.2d 493 (6th Cir.1987); *Cohen v. Fred Meyer, Inc.,* 686 F.2d 793 (9th Cir.1982).

If and when plaintiff has established a prima facie case, the burden of production of evidence shifts to the employer to "articulate some legitimate, nondiscriminatory reason" for its actions. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973); *Wrenn,* 808 F.2d at 501. The plaintiff, who bears the burden of persuasion throughout the entire process, then must demonstrate "that the proffered reason was not the true reason for the employment decision." *Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 256, 101 S.Ct. 1089, 1095, 67 L.Ed.2d 207 (1981).

The district court found that Canitia had established the first three elements of his claim, but had failed to establish the causal connection between his testimony in *Few* and his termination:

> [T]here is no direct evidence showing that defendant's actions against plaintiff were motivated by a desire to retaliate for testimony given by plaintiff in the civil suit. Nor are there any inferences to be drawn which support such a finding. Simply, plaintiff has failed to establish that defendant had a retaliatory motive. Thus, there is no genuine issue of any material fact and ... defendant is entitled to judgment as a matter of law.

Furthermore, the court found that even if plaintiff had made out a prima facie case,

YFS had established a legitimate and non-discriminatory reason for the termination:

> The plaintiff's deficient job performance, as evidenced by the continued string of written warnings, provides a legitimate reason for the first hearing. This conclusion is supported by the fact that the State Grievance Committee upheld the suspension.... Affirmance [of the later discharge] by the State Grievance Committee and the previous work performance problems of plaintiff demonstrate that the discharge was for a legitimate reason.

A Title VII case "begins with the plaintiff's duty to establish a prima facie case by showing such facts as give rise to an inference of unlawful discrimination. That is a burden easily met." *Wrenn,* 808 F.2d at 500. We must examine the timing of events, Canitia's participation in co-employee Few's discrimination claim, and Canitia's frequent disciplinary problems to determine whether he has established a prima facie case through the use of circumstantial evidence or otherwise.

It appears that Canitia received at least twelve warning letters in the three years *prior* to his Few testimony in early 1986 (in addition to warning letters that were subsequently retracted and oral warnings) with respect to his duties as a city pick-up and delivery driver. Plaintiff was one of a number of witnesses who testified for Few in his claim against YFS, and there is no record of any pattern of retaliation against such witnesses generally by YFS. During the nine months preceding July, 1986, it appears that Canitia received six warning letters, including one concerning his alleged low productivity, which YFS characterized as "abuse of company time." [1] A one-day disciplinary suspension was given him in a July 2, 1986 terminal hearing which plaintiff grieved. This suspension was ultimately upheld and YFS attempted to counsel plaintiff concerning this productivity problem.

---

1. Canitia concedes that there were six warnings during an approximate ten-week period in 1986 prior to July. Canitia also concedes that he was warned in July of 1986 that the next such offense would bring about termination. (See appellant's brief at p. 9). Both 1986 disciplinary hearings (prior to the December action in controversy) occurred before Canitia filed a charge of retaliation with the EEOC, which preceded the December discharge in question.

Still later in 1986 YFS, after surveillance of plaintiff's activities on the job, discharged Canitia, who again followed the grievance process challenging the action as retaliatory. The discharge was reduced to a ten-day suspension without pay. After returning to work, again in late 1986, YFS surveilled plaintiff to determine whether his productivity had reached an acceptable level. Allegedly, an even longer delay occurred while Canitia was making a delivery at Euclid Industries. Notice was again given Canitia, who appeared for a hearing on December 26, 1986, and was once again discharged by YFS. Canitia again filed a grievance. This time the discharge was sustained at the end of the grievance procedure.

Assuming that Mr. Marino alluded to plaintiff's testimony in the *Few* case, despite his denial, is this enough, in light of the history of disciplinary actions taken against Canitia, to constitute a genuine issue of material fact with regard to the charge of retaliation? Canitia states in his brief that his own testimony was cited by this court in *Few v. Yellow Freight System*, 845 F.2d 123 (6th Cir.1988), as a basis for affirming a judgment for Few, a black female employee who claimed discrimination in her discharge. Canitia's name is mentioned, 845 F.2d at 124, citing from a portion of the district court findings as one of the YFS employees who in 1983 complained about "unfair discipline on certain individuals." His other argument is that there are no specific production standards at YFS, and that subjective judgment is a basis for discipline in this respect.

The fact remains that Canitia had been terminated previously and twice recently disciplined (despite grieving each YFS action) for actions similar to those involved in the discharge at issue. This is a strong factor to take into account in considering the issues here. Summary judgment may be appropriate in Title VII cases even where certain facts may be in dispute. *Shah v. General Electric Co.*, 816 F.2d 264 (6th Cir.1987); *Boddy v. Dean*, 821 F.2d 346 (6th Cir.1987).

In contrast to the facts as described in our previous opinion, 894 F.2d at 197, a careful examination of the record reveals that Canitia received seven warning letters to his file in 1984, plus at least three in 1985, so that what occurred in 1986 after his testimony in the *Few* case does not reflect a sudden surge of disciplinary actions. We find the situation here to be comparable to the facts in *Cooper v. City of North Olmsted*, 795 F.2d 1265 (6th Cir. 1986).

In *Cooper*, a Title VII plaintiff claimed that she was discharged in retaliation for bringing a complaint before a state civil rights commission. The plaintiff had been cited for rules violations six times in the seven-month period preceding the state complaint, and nine times in the four months following the complaint. The court found: "While a disparity in the amount of disciplinary action may certainly be sufficient in appropriate cases to support an inference of retaliation, this is not such a case." 795 F.2d at 1272.

Here, as in *Cooper*, we are not examining the case of a trouble-free employee during the months and years before the incident which he alleges gave rise to a retaliatory motive and subsequent and sudden job warnings by the employer. In the case at issue three disciplines instituted against Canitia were vindicated to some degree after full grievance procedure review.

Even assuming that Canitia established a prima facie case of retaliatory treatment, YFS did supply ample evidence to meet its burden of establishing a legitimate reason for its treatment of Canitia. Canitia's further burden, then, was "to produce direct, indirect or circumstantial evidence" that his treatment was the result of retaliatory motive. *Gagne v. Northwestern National Insurance Co.*, 881 F.2d 309, 314 (6th Cir. 1989).

It is clear that merely making out a prima facie case does not automatically save appellant from a summary judgment motion. Indeed, the inference of discrimination created by the prima facie case is dispelled once the employer's rea-

son is stated, until and unless the latter is shown to be a pretext.

*Gagne,* 881 F.2d at 314 (internal quotation marks and citations omitted).

A plaintiff in this type of case must establish that the decision complained about as retaliatory would not have been made "but for" the protected status of the plaintiff. *Gutzwiller v. Fenik,* 860 F.2d 1317, 1325 (6th Cir.1988); *Batts v. NLT Corp.,* 844 F.2d 331, 335 (6th Cir.1988). *See also* a case involving this defendant, *Polk v. Yellow Freight Systems, Inc.,* 801 F.2d 190, 199 (6th Cir.1986); *Goostree v. State of Tennessee,* 796 F.2d 854, 863 (6th Cir.1986) *cert. denied,* 480 U.S. 918, 107 S.Ct. 1374, 94 L.Ed.2d 689 (1987); and *Blalock v. Metals Trades, Inc.,* 775 F.2d 703 (6th Cir.1985). In view of the entire record at the time the district court made its decision on the summary judgment motion, we can find no error in the district court's conclusion that Canitia has not met this standard. The evidence, and any reasonable inference to be drawn therefrom, relied upon by plaintiff is insufficiently probative to overcome defendant's substantial proof in support of summary judgment. *Anderson v. Liberty Lobby,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Street v. J.C. Bradford & Co.,* 886 F.2d 1472 (6th Cir.1989).

This is a close case and we have previously given plaintiff a substantial benefit of considerable doubt in initially directing a remand for further consideration. Upon further reflection in view of defendant's thoughtful petition for rehearing, we now AFFIRM the action of the district court.

DAVID A. NELSON, Circuit Judge, concurring.

I write separately to note my understanding that if Mr. Canitia had been able to show that there was a genuine issue as to whether his testimony in the *Few* case was a "substantial" or "motivating" factor in his discharge, the entry of summary judgment against him would have been inappropriate unless the record also showed that there was no genuine issue as to the fact, asserted by the employer, that Mr.

Canitia would have been discharged anyway. *Mount Healthy City School District Board of Education v. Doyle,* 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977); Rule 56, Fed.R.Civ.P.; *cf. Price Waterhouse v. Hopkins,* 490 U.S. ——, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989). Although I initially thought that the state of the record was such as to bar summary judgment on whether the *Few* testimony was a substantial factor in the discharge, the analysis set forth in the instant opinion persuades me that if the case went to trial, there is no way Mr. Canitia could carry his burden of proof on that issue. Given the demands now being made on the time of most district courts, it seems to me that a full-scale trial in a case as lopsided as this one would probably be a misallocation of judicial resources.