914 F.2d 256
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Barry HENDERSON, Plaintiff-Appellant,
v.
Nicholas BRADY, Secretary, U.S. Department of Treasury,
Richard G. Austin, Administrator, General Services
Administration, Defendants-Appellees.
 No. 89-1966.
 United States Court of Appeals, Sixth Circuit.
 Sept. 20, 1990.
 
 1
 Before KEITH and MILBURN, Circuit Judges, and THOMAS, Senior District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). Barry N. Henderson, a pro se Michigan resident, appeals the district court's judgment dismissing his claims for handicap discrimination, retaliatory discharge, and breach of contract, filed pursuant to 29 U.S.C. Sec. 2000(e), et seq.
 
 
 3
 Seeking damages, or in the alternative, back pay, benefits, and reinstatement, Henderson, who was represented by counsel, sued the Internal Revenue Service, and the General Services Administration alleging that defendants discriminated against him by refusing to accommodate his physical handicap, which resulted in his physical discharge from his employment with the Internal Revenue Service.
 
 
 4
 Following a bench trial, the district court entered judgment for defendants based upon its findings of fact and conclusions of law, as well as the parties' stipulations. The district court found that Henderson failed to meet his burden of showing that his termination was due solely to his handicap and not due to a legitimate, nondiscriminatory reason. Additionally, in its opinion, the district court substituted Nicholas Brady, the Secretary of the Treasury, as the proper party defendant in lieu of the IRS, based upon the parties' stipulation. Henderson has filed a motion seeking the appointment of counsel as well as a motion for the production of a transcript at government expense.
 
 
 5
 Upon review, we shall deny the motions and affirm the district court's judgment for the reasons stated in its opinion dated June 27, 1989. A review of the record reveals that Henderson has not established a claim for the violation of 29 U.S.C. Sec. 794 because he has not met his burden of showing by a preponderance of the evidence that he was excluded from his position solely by reason of his handicap. Doherty v. Southern College of Optometry, 862 F.2d 570, 573 (6th Cir.1988), cert. denied, 110 S.Ct. 53 (1989); Salmon Pineiro v. Lehman, 653 F.Supp. 483, 492-93 (D.P.R., 1987). Moreover, Henderson has not established his claim of retaliatory discharge because he has not met his burden of proving that there was a causal connection between his filing of a complaint with the EEOC and the IRS's decision to initiate a termination action against him. Canitia v. Yellow Freight System, Inc., 903 F.2d 1064, 1066 (6th Cir.1990) (per curiam). Finally, Henderson also failed to establish that his decision to resign from the IRS constituted a constructive discharge. Yates v. Avco Corp., 819 F.2d 630, 636 (6th Cir.1987).
 
 
 6
 Accordingly, the motions for counsel and for the production of a transcript at government expense are denied. The district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable William K. Thomas, Senior U.S. District Judge for the Northern District of Ohio, sitting by designation