954 F.2d 724
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Valentino B. AUSTIN, Plaintiff-Appellant,
v.
Thomas K. TURNAGE, Administrator of the Veterans
Administration; Veterans Administration,
Defendants-Appellees.
 No. 91-3116.
 United States Court of Appeals, Sixth Circuit.
 Feb. 6, 1992.
 
 Before KENNEDY and NATHANIEL R. JONES, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 Valentino B. Austin appeals the district court's judgment dismissing this case filed under Title VII of the Civil Rights Act of 1964, as amended. 42 U.S.C. § 2000e, et seq. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). Also, the parties have waived oral argument in this case.
 
 
 2
 In his amended complaint filed in the United States District Court for the Southern District of Ohio, Austin alleged: 1) he was discriminated against on the basis of race and color when he was terminated from his position as a dental laboratory technician at the Columbus Veterans Administration Outpatient Clinic in Columbus, Ohio, in April of 1984; 2) he was discriminated against on the basis of race and color when he was terminated from his position in the supply service department at that same clinic, in February of 1985; and 3) he was "non-selected" for a position in the Medical Administration Service at that same clinic in November of 1986, in retaliation and reprisal for his prior participation in protected Title VII Equal Employment Opportunity proceedings.
 
 
 3
 The case was tried before the district court, and on November 21, 1990, the judge presented his findings of fact and conclusions of law from the bench, rendering judgment in favor of the Veterans Administration (VA) with regard to Austin's three claims. Austin is appealing only the trial court's judgment in favor of the VA on the plaintiff's third claim arising from his "non-selection" for the Medical Administration Service (MAS) position.
 
 
 4
 Upon review, this court concludes that the district court's judgment dismissing Austin's claim of retaliation under Title VII should be affirmed. The district court's decision from the bench was comprehensive, complete, supported by the record and included all findings of fact necessary to resolve this discrimination case, on appeal. The district court found that the plaintiff had established that: 1) he had engaged in an activity protected by Title VII; 2) that this exercise of his protected civil rights was known to the defendant; and 3) the defendant thereafter took an employment action adverse to the plaintiff. Wrenn v. Gould, 808 F.2d 493, 500 (6th Cir.1987), cert. denied, 484 U.S. 1067 (1988). However, the district court found that the plaintiff had failed to establish a prima facie case of retaliatory action because there was lacking a causal connection between the complaint that Austin had filed surrounding his discharge from the VA clinic as a dental lab technician in 1984, and the subsequent employment action taken by the VA of not selecting Austin for the open position in its Medical Administration Service, in 1986. Wrenn, 808 F.2d at 500.
 
 
 5
 In reviewing the district court's factual findings in this Title VII case, this court concludes that the district court did not commit clear error. Anderson v. Bessemer City, 470 U.S. 564, 575 (1985). Credibility determinations by the district court demand great deference, as in this case, where the trial judge based his findings on the credibility of certain witnesses for the defendant, over the plaintiff's own testimony. Wrenn, 808 F.2d at 499. The court found that the defendant's decision not to hire him into the MAS position was not because of his prior EEOC complaint, but because of his intimidating and threatening conduct toward other employees. That finding is not clearly erroneous. Plaintiff has not established that the decision would not have been made but for the protected status of plaintiff. Canitia v. Yellow Freight System, Inc., 903 F.2d 1064, 1068 (6th Cir.) (per curiam), cert. denied, 111 S.Ct. 516 (1990) (citing Gutzwiller v. Fenik, 860 F.2d 1317, 1325 (6th Cir.1988)).
 
 
 6
 Accordingly, the district court's judgment dismissing Austin's claim of retaliation under Title VII is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.