954 F.2d 724
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Carolyn COREY, Rev., Plaintiff-Appellant,
v.
UNITED STATES DEPARTMENT OF LABOR, Defendant-Appellee.
 No. 91-1920.
 United States Court of Appeals, Sixth Circuit.
 Feb. 12, 1992.
 
 Before KENNEDY and NATHANIEL R. JONES, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 Plaintiff, the Reverend Carolyn Corey, appeals the summary judgment in favor of the defendant in this action brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiff filed the instant suit against defendant under Title VII, alleging that she was discriminated against based on race, color, sex, handicap and religion when she was not rehired in 1985 by the United States Department of Labor. Plaintiff also alleged that the Department of Labor's refusal to rehire her was in retaliation for her bringing a lawsuit against then Secretary of Labor, Elizabeth Dole. Plaintiff sought injunctive and monetary relief.
 
 
 3
 After reviewing the defendant's motion for summary judgment and plaintiff's response, the district court granted the motion. Plaintiff disagrees with the district court's decision and brings this timely appeal.
 
 
 4
 Upon consideration, we conclude that summary judgment on plaintiff's claims was proper, as plaintiff did not establish the existence of any genuine issue of material fact and the defendant was entitled to judgment as a matter of law. See Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988). The record undisputably shows that plaintiff was not rehired in 1985 because of her bad attitude and further because of her minimum qualifications. Plaintiff's race, sex, and religious beliefs were not factors. Moreover, plaintiff failed to offer any evidence suggesting that there was a causal connection between bringing the prior discrimination suit and the defendant's refusal to rehire her. See Canitia v. Yellow Freight System, Inc., 903 F.2d 1064, 1066 (6th Cir.) (per curiam), cert. denied, 111 S.Ct. 516 (1990).
 
 
 5
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.