69 F.3d 537
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles A. CROSBY, Plaintiff-Appellant,
v.
C.S. BROOKS CORPORATION, Defendant-Appellee.
 No. 95-5287.
 United States Court of Appeals, Sixth Circuit.
 Oct. 26, 1995.
 
 1
 Before: MERRITT, Chief Judge; KENNEDY, Circuit Judge, and JOINER, District Judge.*
 
 ORDER
 
 2
 Charles A. Crosby appeals the judgment for defendant entered following a bench trial before a special master in this employment discrimination action filed under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e, et seq. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Plaintiff filed his complaint pro se in the district court alleging that he was subjected to various adverse employment actions including constructive discharge due to his race (African-American) and in retaliation for engaging in protected conduct. Defendant filed an answer to the complaint, and the district court referred the case to the magistrate judge as special master pursuant to Fed.R.Civ.P. 53 and 42 U.S.C. Sec. 2000e-5(f)(5). The magistrate judge granted plaintiff's motion for counsel and appointed an attorney to represent plaintiff. Thereafter, defendant moved for summary judgment, and plaintiff responded in opposition. The magistrate judge recommended that defendant's motion be denied, and both parties submitted objections. The district court directed the parties to submit supplemental pleadings. After further pleadings were filed, the district court rejected the magistrate judge's recommendation. The district court granted summary judgment for defendant in part and dismissed plaintiff's claims in part. However, the district court referred to the magistrate judge for trial plaintiff's claims that he was wrongfully fired.
 
 
 4
 The magistrate judge conducted a bench trial and issued a report and recommendation in which he made findings of fact, conclusions of law, and recommended that judgment for defendant be entered with respect to plaintiff's remaining claims. Plaintiff filed objections, and the district court adopted the magistrate judge's report and recommendation and dismissed the case. Plaintiff filed a timely notice of appeal, and the district court granted plaintiff leave to proceed in forma pauperis on appeal.
 
 
 5
 On appeal, plaintiff is proceeding pro se and has submitted a brief in which he recounts difficulties he experienced with fellow employees at work. In addition, plaintiff asserts that the magistrate judge was biased against him, that his appointed attorney did not adequately represent him, and that statements contained in the magistrate judge's findings of fact are incorrect. Defendant responds that the district court's judgment was proper.
 
 
 6
 Upon consideration, the judgment is affirmed for the reasons stated in the magistrate judge's report and recommendation entered June 9, 1994, as adopted by the district court in its order entered January 11, 1995. The record reflects that the evidence was evaluated under the appropriate standards, and that plaintiff did not establish that he was discharged because of his race. See Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252-53 (1981); Canitia v. Yellow Freight Sys., 903 F.2d 1064, 1066 (6th Cir.), cert. denied, 498 U.S. 984 (1990). Plaintiff has shown no clear error of material fact underlying the judgment. See Wrenn v. Gould, 808 F.2d 493, 499 (6th Cir.1987).
 
 
 7
 Finally, plaintiff's contention on appeal that the magistrate judge was biased against him is meritless. Review of the record reveals no grounds which would warrant recusal of the district court. See Liteky v. United States, 114 S.Ct. 1147, 1155-57 (1994). Similarly, no factual basis exists for plaintiff's contention that appointed counsel did not adequately represent him.
 
 
 8
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, United States District Judge for the Eastern District of Michigan, sitting by designation