76 F.3d 378
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Wayne CHASTAIN, Plaintiff-Appellant
v.
Karen DENNIS, Executive Director, Memphis Area Legal
Services, Defendant-Appellee.
 No. 94-6158.
 United States Court of Appeals, Sixth Circuit.
 Jan. 23, 1996.
 
 Before: KEITH, JONES, and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff Wayne Chastain appeals the grant of summary judgment for the Defendants, Karen Dennis and Memphis Area Legal Services (MALS), in this case alleging age discrimination and retaliatory discharge. For the reasons stated herein, we affirm the district court.
 
 
 2
 * MALS is a federally funded non-profit corporation that represents indigent and elderly individuals in civil legal matters. Chastain was hired by MALS in 1979 as a staff attorney. Chastain left MALS in 1983, but returned in 1984. He was then 55 years old. Within three years, Chastain was promoted to unit director of the Employment, Education and Individual Rights Unit.
 
 
 3
 On May 16, 1988, MALS solicited applications for the position of Managing Attorney of Litigation. Both Chastain and Mr. Webb A. Brewer applied for the position. Although Chastain had more supervisory experience than Brewer, Ms. Karen Dennis, MALS Executive Director, selected Brewer for the job. In May 1989 Dennis reprimanded Chastain for alleged insubordination. Thereafter, Chastain filed a grievance with the MALS grievance committee concerning the reprimand. On August 1, 1989, Chastain filed a charge with the Equal Employment Opportunity Commission (EEOC) alleging that he had been denied promotion to the position of Managing Attorney for Litigation and subjected to harassment in the form of reprimands because of his gender and age. The grievance committee suspended its proceedings due to the EEOC filing. On August 15, 1989, Dennis submitted a memo to the grievance committee and the MALS Board explaining her action and recommending Chastain's termination. The committee did not respond to Chastain's grievance or Dennis' recommendation.
 
 
 4
 In the fall of 1989, Dennis dismantled MALS' unit system and implemented a team system. Chastain applied for one of the new supervisory positions but was denied. Ms. Barbaralette Davis was selected for the position Davis had less seniority than Chastain and was not a member of the Age Discrimination in Employment Act (ADEA) protected class of forty plus years of age. In December 1989 Chastain filed a second ADEA complaint with EEOC due to the denial of his promotion to team captain. He obtained an EEOC Right to Sue letter, but failed to take any action.
 
 
 5
 While his EEOC claims were pending, Chastain began representing Ms. Yvonne Tabron, an MALS client. Chastain took several actions in the Tabron case to which Defendants objected. For example, Chastain wrote scornful letters to opposing counsel. On February 15, 1991, Dennis wrote a memorandum to Chastain ordering that he take no further action on behalf of Tabron without first discussing it with Brewer. Brewer later notified Chastain that he had been removed from the Tabron case, but that he was free to defend himself against pending Rule 11 sanctions that stemmed from his representation of Tabron. Chastain wrote Dennis and Brewer five times seeking clarification as to what he could do to defend himself. Neither Dennis nor Brewer replied.
 
 
 6
 When the new attorney assigned to the Tabron case failed to appear in court, Chastain assumed the role of representing Ms. Tabron on the merits of the underlying case as well as representing himself against the sanctions. Chastain defeated the Rule 11 sanctions. Thereafter, Tabron apparently requested that Chastain be reassigned to her case. Although Chastain was not reassigned to the Tabron case and despite Brewer's earlier mandate that he refrain from working on it, Chastain undertook the role of Ms. Tabron's counsel.
 
 
 7
 On June 12, 1991, Dennis discharged Chastain and gave him a twenty-page termination notice detailing the grounds for the termination. The four major grounds stated were:
 
 
 8
 (1) continued and consistent intemperate behavior toward fellow members of the bar and members of the judiciary; (2) consistent unprofessional or intemperate behavior toward clients causing complaints and/or requests for transfer to another casehandler; (3) intemperate processing of cases assigned to [Chastain] for representation, exposing the office to sanctions by a court of law, and (4) continued and consistent failure to accept supervision.
 
 
 9
 J.A. at 319. The letter also stated as grounds for dismissal that Chastain had, "embroiled the office in needless and time-consuming grievances." J.A. at 336. On August 20, 1991, Chastain filed another charge with the EEOC alleging that he had been discharged and discriminated against because of his age.
 
 
 10
 Chastain then filed suit under the ADEA, 29 U.S.C. §§ 621 and 623. Ultimately, the district court granted summary judgment for Defendants, finding that there was no evidence of discrimination.
 
 II
 
 11
 According to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In determining whether there is a genuine issue of material fact, the court decides, "whether the evidence presents sufficient disagreement to require submission to a jury or whether it is so one sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 251-52 (1986). We review the grant of summary judgment de novo, examining the same factors the district court examined to reach its decision. See City of Mount Clemens v. United States Envtl. Protection Agency, 917 F.2d 908, 914 (6th Cir.1990)
 
 III
 
 12
 It has long been established that where there is no direct evidence of discrimination, a prima facie case will suffice to support an inference of the unlawful conduct. McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973) Under McDonnell Douglas, a complainant must show that: (1) plaintiff is a member of a class protected by Title VII; (2) plaintiff was qualified for the position; (3) plaintiff was subjected to an adverse employment action; and (4) the position was filled with someone outside of the protected class who had the plaintiff's qualifications. Talley v. Bravo Pitino Restaurant, Inc., 61 F.3d 1241, 1246 (6th Cir.1995) (citing McDonnell Douglas, 411 U.S. at 802); see also Cox v. Kentucky Dept. of Transportation, 53 F.3d 146, 150 (6th Cir.1995).
 
 
 13
 Once a plaintiff makes this showing of discrimination, the burden shifts to the defendant to articulate a nondiscriminatory reason for its action. Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981). If the employer-defendant meets its burden, the plaintiff must then prove that the articulated reasons are a pretext for discrimination. Id.
 
 
 14
 Chastain has satisfied three elements of a prima facie case for age discrimination, i.e., he is a member of a protected class, he was terminated, and apparently he is qualified. We conclude, however that he has not satisfied the remaining element. Chastain has failed to prove that he was replaced by someone outside of the protected class. Further, after searching the record, no allegation concerning the individual who replaced Mr. Chastain was found. Indeed, the record is bereft of a showing that Chastain was even replaced. Chastain asserts only that upon two occasions, two younger employees with less experience and seniority were promoted over him. When Plaintiff filed his appeal he brought only the discharge issue. He failed to preserve the failure to promote issue. Accordingly, the relevant action for this appeal is the discharge of Mr. Chastain. We hold that Chastain has failed to establish a prima facie case.
 
 
 15
 Plaintiff argues that the prima facie method is not intended to be "rigid, mechanized or ritualistic." See United States Postal Service Bd. of Governors v. Aiken, 460 U.S. 711, 715 (1983) (quoting Furnco Constr. Co. v. Waters, 438 U.S. 567, 577 (1978)). Thus, where Plaintiff has failed to establish that he was replaced, he can nonetheless establish an inference of unlawful action with other evidence. Shah v. General Elec. Co., 816 F.2d 264, 269 (6th Cir.1987). Chastain attempts to meet this burden by showing that persons under forty, specifically Webb Brewer, were not similarly treated. Upon review, we conclude that the evidence fails to establish a pattern of age discrimination. Accordingly, the finding of the district court on this issue is affirmed.
 
 IV
 
 16
 Chastain also contends that summary judgment was inappropriate because he has established a prima facie case of retaliatory action. To establish a prima facie case for retaliatory discharge, Chastain must demonstrate that (1) the plaintiff took part in an activity protected by Title VII; (2) the plaintiff's exercise of civil rights was known to the defendant; (3) an adverse employment action was taken against plaintiff, and (4) there was a causal connection between the protected activity and the adverse action. See Canitia v. Yellow Freight Sys., Inc., 903 F.2d 1064, 1066 (6th Cir.1990).
 
 
 17
 Plaintiff has established a prima facie case of retaliation. Plaintiff has shown that he filed two separate charges of age discrimination, that his action was made known to MALS through the attempts of the EEOC to investigate his claims, and that he was terminated. Further, Chastain has shown that a nexus can be inferred from two key facts: (1) the lack of time, approximately two weeks, separating the filing of the first claim and Defendant Dennis' memorandum recommending Plaintiff's immediate termination and (2) MALS' own termination memo which states "causing an excessive amount of time to be expended [by MALS] on client grievances" as rationale for the discharge. J.A. at 325. Clearly, Chastain has presented evidence from which a trier of fact could find a prima facie case of retaliation.
 
 
 18
 Finding a prima facie case, we then move to whether Defendants have proffered a legitimate, non-discriminatory reason for Chastain's termination. MALS has met its burden of articulating non-discriminatory reasons for its action by offering the explanations given in the termination memo. It is undisputed that Chastain was abusive to other lawyers; he abused the motions process; he attempted to circumvent discovery rules; he caused MALS to pay sanctions; he created sour working relationships between himself and others at MALS; he represented a client after explicit instructions not to do so; and he engaged in other conduct unbecoming a member of the bar.
 
 
 19
 Consequently, the burden shifts to Plaintiff to show that the proffered grounds are pretextual. Chastain must show that issues of fact exist indicating both that the reasons are false and that they hide a retaliatory animus. He has failed to meet his burden. We agree with the district court that "there is simply no proof from which a trier of fact can find that Defendants' asserted reasons for discharge were pretextual and that retaliation motivated the discharge decision." J.A. at 806-07. Accordingly, the district court appropriately granted summary judgment on this issue.
 
 V.
 
 20
 For the foregoing reasons, we AFFIRM summary judgment on both the age and retaliation claims.