82 F.3d 418
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jesse K. SUMMERS, Plaintiff-Appellant,
v.
SAMSONITE CORPORATION, Defendant-Appellee.
 No. 95-5775.
 United States Court of Appeals, Sixth Circuit.
 April 5, 1996.
 
 1
 Before: NORRIS and SUHRHEINRICH, Circuit Judges, and WELLS, District Judge.*
 
 ORDER
 
 2
 Jesse K. Summers, a Tennessee resident, appeals pro se the district court order dismissing his lawsuit filed under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Summers alleged that his employment with the defendant was terminated after twenty-three years due to race discrimination and retaliation for his earlier grievances and lawsuits. Defendant countered that the termination was based on the fact that Summers left the plant premises for forty-five minutes without clocking out. The district court granted summary judgment to the defendant on the retaliation claim. A non-jury trial was held before a magistrate judge on the race discrimination claim, after which the magistrate judge recommended that the case be dismissed. The district court adopted this recommendation.
 
 
 4
 Upon careful consideration, we conclude that the order dismissing this case must be affirmed for the reasons stated by the magistrate judge and the district court. Summers did not demonstrate a causal connection between his protected activities and his discharge, in order to establish a claim of retaliation. See Canitia v. Yellow Freight System, Inc., 903 F.2d 1064, 1066 (6th Cir.) (per curiam), cert. denied, 498 U.S. 984 (1990). Moreover, on both of his claims Summers was required to show that he, as a member of a protected class, was treated differently from a comparable co-worker who engaged in the same conduct without any differentiation in the circumstances that would explain the employer's differing treatment. See Mitchell v. Toledo Hospital, 964 F.2d 577, 583 (6th Cir.1992). In this case, Summers attempted to show that his misconduct was comparable to that of one of his co-workers who was not disciplined. However, the evidence showed that the misconduct by Summers was simply much more conspicuous than that of his co-worker, and came to the direct attention of the Vice President for Human Resources. Under the circumstances, there was a reasonable explanation for the different treatment received by Summers. Finally, even if Summers had presented a prima facie case, because the defendant proffered a legitimate reason for his discharge, he was required to show that the proffered reason was a pretext for the true, discriminatory motive. See Cooper v. City of North Olmsted, 795 F.2d 1265, 1271 (6th Cir.1986). Summers was unable to meet this burden, as the evidence showed the Vice President was intent on investigating the misconduct in this case before he was aware which employee was involved.
 
 
 5
 Summers has not shown that any of the magistrate judge's findings of fact were clearly erroneous. See Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 573 (1985). His attempts to raise new arguments and present new evidence on appeal are rejected, as this court addresses the case presented to the district court, and not a better case fashioned after judgment is entered. See White v. Anchor Motor Freight, Inc., 899 F.2d 555, 559 (6th Cir.1990).
 
 
 6
 Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 ENTERED BY ORDER OF THE COURT
 
 
 *
 The Honorable Lesley Brooks Wells, United States District Judge for the Northern District of Ohio, sitting by designation