85 F.3d 628
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Walter L. CARTER, Plaintiff-Appellant,
v.
NKC OF AMERICA, INC., Defendant-Appellee.
 No. 95-5948.
 United States Court of Appeals, Sixth Circuit.
 May 2, 1996.
 
 1
 Before: MARTIN and SILER, Circuit Judges; HEYBURN, District Judge.*
 
 ORDER
 
 2
 Walter L. Carter, proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking equitable relief, Carter sued NKC of America, Inc. (NKC), alleging that the defendant discriminated against him. In a confusing complaint, Carter alleged that the defendant discharged him because he is black and over 40 years old. Carter also alleged that the defendant discharged him, in part, in retaliation for filing a charge of discrimination in 1988 with the Equal Employment Opportunity Commission (EEOC).
 
 
 4
 Upon review of the defendant's motion to dismiss, or in the alternative, for summary judgment, as well as Carter's response, the district court granted summary judgment in favor of the defendant.
 
 
 5
 Carter has filed a timely appeal, essentially reasserting his same claims.
 
 
 6
 Upon review, we conclude that the district court properly granted summary judgment to the defendant. See Fed.R.Civ.P. 56(c); City Mgmt. Corp. v. U.S. Chemical Co., 43 F.3d 244, 250 (6th Cir.1994). Carter is not entitled to relief because he did not meet his burden of establishing a prima facie case that NKC treated its black and elderly employees less favorably than its white and younger employees. See Barnes v. GenCorp Inc., 896 F.2d 1457, 1464-65 (6th Cir.), cert. denied, 498 U.S. 878 (1990). Carter did not present any direct or circumstantial evidence that he was singled out for discharge based on impermissible reasons. NKC established that in selecting employees to be terminated during a corporate reduction in force (RIF), it ranked its employees according to 1991 and 1992 annual evaluation scores, and with a few exceptions, discharged the lowest ranked employees in each department. Of 29 employees terminated, 22 were under forty years of age and 14 were white. Further, of 6 employees retained despite their low rankings, 5 were black and 3 were over forty. Further, Carter did not establish that NKC's decision to transfer him, just prior to the RIF, was racially motivated.
 
 
 7
 Carter also did not establish a prima facie case that NKC's evaluation procedure had a disparate impact on employees because of race or age. See Johnson v. United States Dep't of Health and Human Servs., 30 F.3d 45, 48 (6th Cir.1994). At most, Carter has established that 11 black employees received lower scores from a higher level supervisor and that 7 white employees received higher scores. Generally, reliance on such a small statistical sample is suspect. See Simpson v. Midland-Ross Corp., 823 F.2d 937, 944 (6th Cir.1987). Furthermore, Carter conceded that white employees also received lower scores from their higher level supervisors. Moreover, NKC submitted evidence that from 1988 to 1992, with the exception of the RIF, only 12 black employees were terminated while 31 white employees were terminated.
 
 
 8
 Finally, Carter did not establish a prima facie case that NKC discharged him in retaliation for filing a prior charge of discrimination. See Canitia v. Yellow Freight Sys., Inc., 903 F.2d 1064, 1066 (6th Cir.) (per curiam), cert. denied, 498 U.S. 984 (1990). Carter did not establish a causal connection between his 1988 EEOC charge and NKC's decision to terminate his employment. Carter acknowledged that there was no evidence that he was treated differently during the 1992 RIF than were those employees who had never filed discrimination charges. Moreover, as stated above, NKC presented evidence that Carter was treated similarly to the other employees who were terminated during the RIF because only those employees with low ranking evaluations were terminated.
 
 
 9
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John G. Heyburn, II, United States District Judge for the Western District of Kentucky, sitting by designation