966 F.2d 1452
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Barbara Ann HINES, Plaintiff-Appellant,
v.
VANDERBILT UNIVERSITY MEDICAL CENTER; Vanderbilt University
Department of Pathology; Vanderbilt University Department
of Employee Relations; Fred Gorstein, M.D., Chairman of
Pathology; John Cousar, M.D., Director of Pathology; Helga
McCaw, Director of Human Resources; Linda Billett;
Supervisor, Lab Liaison; Judy Greer Rhodes, Supervisor, Lab
Liaison; Richard Smogur, Director of Employee Relations,
Defendants-Appellees.
 No. 91-5418.
 United States Court of Appeals, Sixth Circuit.
 June 17, 1992.
 
 1
 Before KENNEDY and SILER, Circuit Judges, and JOINER, Senior District Judge.*
 
 ORDER
 
 2
 This pro se Tennessee plaintiff appeals the district court's order dismissing her complaint filed under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-1 et seq. She includes in her brief on appeal a request for the appointment of counsel, leave to proceed without prepayment of fees, and for a transcript at government expense. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Barbara Ann Hines brought this action against the Vanderbilt University Medical Center, its Departments of Pathology and Employee Relations, their chairmen and directors, and her former supervisors. Hines alleged that she was terminated from her employment in the Department of Pathology in retaliation for making prior claims of discrimination based on race. Defendants maintained that the termination was based on misconduct after Hines allegedly threatened another employee.
 
 
 4
 Upon review, we conclude that the complaint was properly dismissed. The findings of fact as found by the special master and adopted by the district court are not clearly erroneous, see Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985); and a de novo review of its legal conclusions reflects that the court properly dismissed the complaint. See In re Edward M. Johnson & Assocs., Inc., 845 F.2d 1395, 1398 (6th Cir.1988).
 
 
 5
 Hines failed to make out a prima facie case of retaliatory discharge or to show that the reason given for termination was pretextual. See Canitia v. Yellow Freight Sys., Inc., 903 F.2d 1064, 1066 (6th Cir.), cert. denied, 111 S.Ct. 516 (1990). To establish a case of retaliatory discharge, the plaintiff must prove (1) that she engaged in an activity protected by Title VII; (2) that the exercise of the protected right was known to the defendant; (3) that defendant thereafter took an employment action adverse to the plaintiff; and (4) that there was a causal connection between the activity and the adverse action. Wrenn v. Gould, 808 F.2d 493, 500 (6th Cir.1987). Moreover, findings that are based on a determination of credibility can virtually never be clear error. See Anderson, 470 U.S. at 575.
 
 
 6
 Hines failed to make a prima facie showing of a retaliatory discharge under Title VII. It is undisputed that the right to seek redress for discriminatory practices is protected and that defendants took an action adverse to Hines. However, Hines must also show that the employer knew about previously filed EEOC charges and that the charges were causally connected to the termination. See Polk v. Yellow Freight Sys., Inc., 876 F.2d 527, 531 (6th Cir.1989). The district court's finding that Dr. Cousar, the individual responsible for the decision to discharge, was unaware of the EEOC charges is not clearly erroneous and can not be disturbed. See Anderson, 470 U.S. at 575; Wrenn, 808 F.2d at 499.
 
 
 7
 Additionally, the suit could not be maintained under 42 U.S.C. § 1981 because it did not concern matters relating to the formation of Hines's employment contract. See Patterson v. McLean Credit Union, 491 U.S. 164, 180 (1989). Section 1981 does not reach claims of discriminatory discharge. Prather v. Dayton Power & Light Co., 918 F.2d 1255, 1258 (6th Cir.1990), cert. denied, 111 S.Ct. 2889 (1991). Hines could not maintain her suit under 42 U.S.C. § 1983 because no state action was involved. See NCAA v. Tarkanian, 488 U.S. 179, 191 (1988). Lastly, Hines may not seek relief under the Civil Rights Act of 1991 because the act does not apply retroactively. See Vogel v. City of Cincinnati, 959 F.2d 594, 598 (6th Cir.1992).
 
 
 8
 Accordingly, the requests for appointment of counsel, for leave to proceed without prepayment of fees and for a transcript at government expense are denied. The district court's order is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation