999 F.2d 539
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Loraine GARMON, Plaintiff-Appellant,
v.
CONTINENTAL BAKING COMPANY, Defendant-Appellee.
 No. 92-6139.
 United States Court of Appeals, Sixth Circuit.
 July 8, 1993.
 
 1
 Before KENNEDY and MARTIN, Circuit Judges, and FORESTER, District Judge.*
 
 ORDER
 
 2
 Loraine Garmon, a pro se litigant, appeals a district court judgment in favor of the defendant on Garmon's cause of action brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Garmon's complaint alleged gender-based discrimination and harassment and also alleged retaliation for complaining about the alleged harassment and discrimination. For relief, Garmon sought compensation in the form of back-pay. Specifically, Garmon sought compensation for wages allegedly lost when work hours were given to less senior men and compensation for the alleged loss of a "housekeeping" assignment.
 
 
 4
 Approximately two years after filing her complaint, Garmon sought leave to amend her complaint. Garmon sought to add a number of defendants, to add a request for compensatory and punitive damages, to add a request for attorney fees, and to add a claim pursuant to 42 U.S.C. § 1983. The district court denied this motion.
 
 
 5
 Subsequently, defendant moved for summary judgment, which was denied as to the claims of discrimination and harassment, but was granted as to the claim of retaliation. At the conclusion of a bench trial, the district judge stated her findings of fact and conclusions of law on the record and issued a judgment in favor of defendant.
 
 
 6
 On appeal, Garmon argues that: 1) the district court's findings of fact and conclusions of law on her claims of discrimination, harassment, and retaliation were in error, 2) the district court failed to consider the contractual agreement between the defendant and Garmon's union, the Factory, Confectionery, and Tobacco Workers Union, Local 149, 3) the district court committed error by not allowing her to amend her complaint, 4) the district court committed error by not admitting evidence of her supervisor's termination and documents relating to his alleged live-in girlfriend, 5) the district court committed error by not allowing the testimony of a witness not listed on the pretrial order, and 6) the district court committed error by allowing defendant's representative to sit at the defense table.
 
 
 7
 A "district court's factual findings are subject to a clearly erroneous standard of review." Rabidue v. Osceola Refining Co., Div. of Texas-American Petrochemicals, Inc., 805 F.2d 611, 615-16 (6th Cir.1986), cert. denied, 481 U.S. 1041 (1987). "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Id. at 616. A reviewing court may not "reverse the finding of the trier of fact simply because it is convinced that it would have decided the case differently." Id.
 
 
 8
 To prevail upon a disparate treatment discrimination claim, a plaintiff must prove, among other things, that any articulated legitimate, non-discriminatory reason set forth by the defendant as a basis for its actions was in fact a pretext. Mitchell v. Toledo Hosp., 964 F.2d 577, 584 (6th Cir.1992). A plaintiff must also carry this burden in a claim of discriminatory retaliation. Canitia v. Yellow Freight System, Inc., 903 F.2d 1064, 1066 (6th Cir.) (per curiam), cert. denied, 498 U.S. 984 (1990).
 
 
 9
 The district court determined that the defendant's employment decisions did not take gender into account, but rather they were based upon legitimate, non-discriminatory reasons. Review of that determination is subject to the clearly erroneous standard. See Rabidue, 805 F.2d at 618.
 
 
 10
 Defendant asserted at trial, in essence, that its actions were taken pursuant to the union agreement. Specifically, defendant argued that Garmon held the assignment of housekeeper on a temporary basis and that when it was assigned on a permanent basis, Garmon did not receive the job because a senior employee had also bid for it. Defendant also argued that less senior men were allowed to work rather than Garmon in situations where Garmon lacked the necessary experience and where the defendant could not contact Garmon and thus could not offer the additional work. Upon review of the record, we are satisfied that the district court's acceptance of these reasons as legitimate and non-discriminatory was not clearly erroneous. Therefore, Garmon failed on her claims of discrimination and retaliation.
 
 
 11
 We also conclude that the district court's determination that defendant had established a legitimate, non-discriminatory reason for its actions precluded recovery on Garmon's quid pro quo claim of sexual harassment. In a quid pro quo claim, "the employee bears the burden of proof to support charges that submission to the unwelcomed sexual advances of the supervisory personnel was an express or implied condition for receiving job benefits or that a tangible job detriment resulted from the [employee's] failure to submit to the sexual demands of supervisory employees." Highlander v. KFC Nat'l Management Co., 805 F.2d 644, 648 (6th Cir.1986). Garmon did not allege that she submitted to the unwelcome sexual advances. Therefore, Garmon had the burden to prove that her alleged lost wages and hours of work were the result of her failure to submit to the alleged sexual demands of her supervisor. The district court's determination that any detriment that Garmon suffered was the result of a legitimate, non-discriminatory reason defeats Garmon's claim of quid pro quo sexual harassment.
 
 
 12
 As to Garmon's claim of sexual harassment based upon a hostile work environment, she had the burden of asserting and proving that: (1) she was a member of a protected class; (2) she was subjected to unwelcome sexual harassment in the form of sexual advances, requests for sexual favors, or other verbal or physical conduct of a sexual nature; (3) the harassment complained of was based upon sex; (4) the charged sexual harassment had the effect of unreasonably interfering with her work performance and creating an intimidating, hostile, or offensive working environment that affected seriously her psychological well-being; and (5) the existence of liability based upon traditional agency principles. Kauffman v. Allied Signal, Inc., Autolite Div., 970 F.2d 178, 183-84 (6th Cir.), cert. denied, 113 S.Ct. 831 (1992).
 
 
 13
 The district court determined that the alleged sexual harassment did not have the effect of unreasonably interfering with Garmon's work performance, nor did it seriously affect her psychological well-being. Moreover, the district court determined that Garmon had not established liability based upon agency principles. Upon review, we conclude that none of these determinations was clearly erroneous.
 
 
 14
 We also conclude that the district court did not abuse its discretion when it denied Garmon's motion to amend her complaint. Prior to the 1991 amendment to Title VII, compensatory and punitive damages were not available. Bailey v. Great Lakes Canning, Inc., 908 F.2d 38, 42 (6th Cir.1990). Moreover, damages for emotional distress were not recoverable. Yates v. Avco Corp., 819 F.2d 630, 638 (6th Cir.1987). Monetary damages were limited to back-pay. Prather v. Dayton Power & Light Co., 918 F.2d 1255, 1257 (6th Cir.1990), cert. denied, 111 S.Ct. 2889 (1991). Further, the 1991 amendment to Title VII is not to be applied retroactively. Harvis v. Roadway Express, Inc., 973 F.2d 490, 497 (6th Cir.1992), cert. granted in part, 113 S.Ct. 1250 (1993). Additionally, because the individuals sought to be added by Garmon to her complaint were not named as respondents in the EEOC charge, it was not an abuse of discretion to not allow them to be added as defendants. Knafel v. Pepsi-Cola Bottlers of Akron, Inc., 899 F.2d 1473, 1480-81 (6th Cir.1990). Moreover, the district court's determination on Garmon's claims of harassment, discrimination and retaliation would have precluded recovery against any of the defendants sought to be added. Finally, Garmon's pro se status precluded recovery of attorney fees. See Kay v. Ehrler, 111 S.Ct. 1435, 1437-38 (1991).
 
 
 15
 Garmon's argument that the district court committed error by excluding a witness is reviewed for an abuse of discretion, Daniels v. Board of Educ., 805 F.2d 203, 210 (6th Cir.1986), as is Garmon's argument that the district court improperly excluded evidence. United States v. Wolak, 923 F.2d 1193, 1195 (6th Cir.), cert. denied, 111 S.Ct. 2824 (1991). We are satisfied that the district court did not abuse its discretion.
 
 
 16
 We conclude that Garmon's remaining issues are meritless. Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Karl S. Forester, U.S. District Judge for the Eastern District of Kentucky, sitting by designation