53 F.3d 331
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Cyrus A. NAPPER, Plaintiff-Appellant,
v.
Secretary of the Air Force, Sheila D. WIDNALL, Defendant-Appellee.
 No. 94-2001.
 United States Court of Appeals, Sixth Circuit.
 April 12, 1995.
 
 Before: MERRITT, Chief Judge; and GUY and SILER, Circuit Judges.
 
 ORDER
 
 1
 Cyrus A. Napper appeals a district court grant of summary judgment for the defendant Secretary of the United States Air Force in this employment discrimination action filed under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e, et seq. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Napper filed his complaint in the district court alleging that he was not selected for a promotion because of his race (African-American) and that he suffered this and other retaliation for filing complaints with the Equal Employment Opportunity Commission (EEOC). Defendant moved to dismiss the complaint or for summary judgment. Plaintiff responded in opposition, and defendant submitted a reply. The district court granted summary judgment for defendant.
 
 
 3
 On appeal, the parties have expressly waived oral argument. Plaintiff contends that he showed a genuine issue of material fact remaining for trial with respect to whether: (1) defendant's proffered reason for not selecting him is a pretext; and (2) he established a prima facie case of retaliation when he was given a poor performance evaluation following an EEOC complaint. Defendant responds that the district court's judgment was proper.
 
 
 4
 Upon consideration, the judgment of the district court is affirmed for the reasons stated by the district court in its memorandum opinion and order filed August 9, 1994. Although plaintiff established a prima facie case of promotion discrimination under Title VII, see Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252-53 (1981), he did not produce evidence that defendant's articulated legitimate non-discriminatory reason for its decision is false and that the adverse employment action was attributable to discrimination. See St. Mary's Honor Ctr. v. Hicks, 113 S.Ct. 2742, 2751 (1993). Further, plaintiff did not establish a prima facie case of retaliation. See Canitia v. Yellow Freight Sys., 903 F.2d 1064, 1066 (6th Cir.), cert. denied, 498 U.S. 984 (1990). Therefore, summary judgment was proper.
 
 
 5
 Accordingly, the judgment of the district court is affirmed.