**Charles T. MOORER, Plaintiff,**

v.

**COPLEY TOWNSHIP,
et al., Defendants.**

**No. 5:98 CV 2798.**

United States District Court,
N.D. Ohio,
Eastern Division.

Feb. 25, 2000.

Edward L. Gilbert, Law Offices Of Edward L. Gilbert, Akron, OH, for plaintiff.

James A. Climer, Susan E. Rusnak, Mazanec, Raskin & Ryder, Solon, OH, Robert A. Edwards, Akron, OH, for defendants.

## MEMORANDUM OF OPINION AND ORDER

POLSTER, District Judge.

Before the Court is the Defendants' motion for summary judgment on Plaintiffs' complaint. (Doc. No. 24). Plaintiff Charles Moorer brings this action against the following Defendants: Copley Township Police Department ("Copley Township"), Dale Panovich in her individual and official capacity as Trustee, William Osborne in his individual and official capacity as Trustee ("Trustees"), and Walter Mar-

kowski, the Chief of Police for Copley Township ("Police Chief").

Plaintiff alleges a claim pursuant to 42 U.S.C. § 1983, specifically that Defendants, acting under color of state law, deprived Plaintiff of his First Amendment right to free speech. Plaintiff also claims that Defendants committed retaliatory acts against him for filing race, age and disability discrimination complaints with the Ohio Civil Rights Commission ("OCRC") and Equal Employment Opportunity Commission ("EEOC") in violation of the Americans with Disabilities Act ("ADA"), Age Discrimination in Employment Act ("ADEA"), Title VII, and the Ohio Revised Code ("ORC") § 4112.

For the reasons that follow, Defendants motion for Summary Judgment is **GRANTED.**

## I. STATEMENT OF THE FACTS

The focus of this litigation is the 60–day suspension Plaintiff received in October, 1994, following his placing of an open letter in the *Westside Leader.* Plaintiff contends that he was disciplined for exercising his First Amendment rights and in retaliation for having previously filed several claims of discrimination. Defendants respond that Plaintiff was fairly and appropriately disciplined for publicly calling his boss, the Chief of Police, a liar in connection with the Chief's decision as to who should receive training opportunities within the Police Department.

Plaintiff had been working part-time as a police officer for Copley Township Police Department since 1987. On August 9, 1990 he became a full time police officer. He was one of a few African Americans hired. He complained from time to time about racial prejudice in the Police Department and contends that he has always been ignored. Plaintiff has filed three previous complaints of race, age, and disability discrimination with the OCRC. His first charge of discrimination to OCRC was October 18, 1991 for race discrimina-

tion and retaliation which was dismissed because the Commission found no probable cause. The second charge, filed on March 1, 1993, for retaliation was also dismissed for lack of probable cause. His third charge, filed on September 20, 1993 for retaliation and discrimination based on disability, was later withdrawn by Plaintiff. Plaintiff Moorer continued to be employed with Defendant throughout this period.

On September 15, 1994, Plaintiff published an open letter in the *Westside Leader* which characterized and purported to quote from a discussion between Copley Township Trustees and the Police Chief during a September 8, 1994 open township meeting. (See copy of the article attached hereto as "Exhibit A"). Plaintiff criticized the Police Chief's decision to send a police officer other than Plaintiff to juvenile training school. In the open letter, Officer Moorer accused the Police Chief falsely advising the Trustees that Moorer had turned down previous training opportunities.

Following the placement of this open letter, the Police Chief wrote a memorandum to the Trustees on September 19, 1994, recommending that Plaintiff be fired. The trustees thereafter charged Plaintiff with gross insubordination, misconduct in office, conduct unbecoming an officer, and offensive conduct toward officers and employees. On October 10, 1994, a full evidentiary hearing was conducted on these charges. The hearing provided for direct and cross examination, presentation of evidence and representation by counsel. The trustees then held a meeting on October 24, 1994 and concluded that the charges were substantiated and voted to suspend Plaintiff for 60 days. Plaintiff appealed his suspension through union representation and the arbitrator ultimately denied the grievance and affirmed the suspension. This lawsuit follows.

## II. LEGAL ANALYSIS

Under Fed.R.Civ.P. 56(c) summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The court is to determine "whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The court views the evidence of record and draws all reasonable inferences in the light most favorable to the nonmoving party. *See LaPointe v. United Autoworkers Local 600,* 8 F.3d 376, 378 (6th Cir.1993).

Summary judgment is appropriate if a party who bears the burden of proof at trial does not establish an essential element of their case. *Tolton v. American Biodyne, Inc.,* 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson,* at 247–248, 106 S.Ct. 2505. In order for there to be a genuine issue for trial, there must be sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. *Id.* at 249, 106 S.Ct. 2505.

As stated by the Supreme Court:

... Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed "to secure the just, speedy and inexpensive determination of every action." [Citations omitted.] ... Rule 56 must be construed with due regard not only for the rights of persons asserting claims and defenses

that are adequately based in fact to have those claims and defenses tried to a jury, but also for the rights of persons opposing such claims and defenses to demonstrate in the manner provided by the Rule, prior to trial, that the claims and defenses have no factual basis.

*Celotex,* 477 U.S. at 327, 106 S.Ct. 2548.

Having discussed the Rule 56 standard of review, the Court now turns to the merits of Defendants' motion for summary judgment.

### A. 42 U.S.C. § 1983: Plaintiff's First Amendment Claim

■■ In order to prevail in a § 1983 action, a Plaintiff must establish that (1) the conduct complained of was committed by a person acting under color of state law, and (2) that this conduct deprived Plaintiff of a right secured by the Constitution, here the First Amendment. *Parratt v. Taylor,* 451 U.S. 527, 535, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). In this case there is no dispute that Defendants were acting under color of state law. The issue is whether the disciplinary action taken by Defendants against Plaintiff Moorer was in violation of the First Amendment, a right guaranteed by the Constitution. When there is a government employee involved the inquiry is whether the employee's speech addresses matters of political, social, or other concerns to the community or whether it is personal. *Valot v. Southeast Local School Dist. Bd. of Educ.,* 107 F.3d 1220 (6th Cir.1997). If the speech addresses a personal matter, discipline of a government employee does not violate the First Amendment. *Connick v. Myers,* 461 U.S. 138, 146–47, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983). If it is a public matter, then the court must balance the employee's interest in expression against the government's interest in effective discharge of its duties. *Connick,* 461 U.S. at 149–50, 103 S.Ct. 1684; *See also Pickering v. Board of Education,* 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968). This is a question of law not fact, which must be determined by the Court. *Connick,* 461 U.S. at 148, n. 7, 103 S.Ct. 1684. The Court must examine the content, form and context of a given statement. *Connick,* supra, at 147–48, 103 S.Ct. 1684.

Plaintiff argues that his speech, the open letter in question, was of public concern. Plaintiff claims he wrote the letter to address discrimination in the Police Department about which the public needed to be aware. "It is definitely a matter of public concern when the Chief of Police discriminates and retaliates against an officer." *Plaintiff's Response to Defendants' Motion for Summary Judgment at 6.* The Court does not agree.

■■ Plaintiff has not established that he spoke on a matter of public concern. The open letter does not refer to any discriminatory practice in the Police Department and makes no reference to Plaintiff's race, alleged disabilities or the prior charges of discrimination filed by Plaintiff. A reasonable person reading the letter would not know that Moorer was protesting discrimination and/or retaliatory treatment. In the letter, Plaintiff publicly condemns Copley Township's Police Chief and his decision to send another officer to juvenile training school. Plaintiff expresses his personal belief that he is better qualified and then invites the public to choose between his credibility and that of the Police Chief. The subject of Plaintiff's open letter, why he was not selected on this occasion to attend training school, is not a matter of public concern. Plaintiff instead sought to air his personal dispute with the Police Chief over training opportunities and to turn it into a "cause celebre." *Connick v. Myers,* 461 U.S. 138, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983); *See also Valot,* 107 F.3d at 1226. The Sixth Circuit has stated:

> When a public employee speaks not as a citizen upon matters of public concern, but instead as an employee upon matters only of personal interest, absent the most unusual circumstances, a federal court is not the appropriate forum in

which to review the wisdom of a personnel decision taken by a public agency allegedly in reaction to the employee's behavior.

*Brown v. City of Trenton*, 867 F.2d 318, 321 (6th Cir.1989) (citing *Connick v. Myers*, 461 U.S. at 147, 103 S.Ct. 1684). Plaintiff's grievance because he allegedly was being passed over for a training opportunity within the Police Department is not a matter of public concern. *Connick*, supra, at 147, 103 S.Ct. 1684.[1]

Moreover, even if Moorer's letter did cover a matter of public concern, the disciplinary action did not violate Moorer's First Amendment rights. A government employer must have wide discretion in the fulfillment of their public duties, including the right to suspend employees who hinder the effective operation of the business. *Arnett v. Kennedy*, 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974). Further, in determining First Amendment rights in public employment, the Court must balance "the interests of the [employee], as a citizen, in commenting upon [the subject matter in question] and the interest of the State, as an employer, in promoting the efficiency of the public services it performs through its employees." *Valot*, 107 F.3d at 1227 (quoting *Pickering v. Board of Educ.*, 391 U.S. 563, 568, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968)). Plaintiff called his superior officer, the Police Chief, a liar in public. Even if there was any First Amendment interest in Plaintiff's speech it was minimal, and did not outweigh the threat of disruption and disharmony to the Copley Township Police Department in the effective discharge of its duties created by Plaintiff's open letter. A 60-day suspension was a measured response by the Trustees, particularly given

that the Police Chief recommended that Plaintiff be fired.

As Plaintiff has failed to establish that he spoke out on a matter of public concern, there is no violation of his First Amendment rights. Accordingly, Defendant's Motion for Summary Judgment as to Plaintiff's 42 U.S.C. § 1983 claim is GRANTED.[2]

**B. Retaliation Claim under the ADA, ADEA, and Title VII**

In order to prevail on a retaliation claim under the federal employment laws, Plaintiff must demonstrate: a) that he engaged in protected activity under the ADA, ADEA, and Title VII; b) that he suffered adverse employment action; and c) that there is a causal link between the protected activity and the adverse employment action. *Johnson v. U.S. Department of Health and Human Services*, 30 F.3d 45, 47 (6th Cir.1994). Once Plaintiff proves this, the employer may rebut the inference by stating a legitimate, non-discriminatory reason for the adverse employment decision. *Id.* Then the Plaintiff must show that the reason is a mere pretext. *Johnson*, supra, at 47. Here, Moorer must demonstrate that the suspension was the result of "retaliatory motive." *Canitia v. Yellow Freight System, Inc.*, 903 F.2d 1064, 1067 (6th Cir.1990). He must set forth evidence that the disciplinary action was taken because of his prior complaints about discrimination.

Plaintiff does not meet the third element which is essential to any retaliation claim under the federal employment laws. *Johnson*, supra. There is no evidence that Plaintiff was disciplined for filing any of the previous three complaints, the last of which was filed *more than one*

---

1. "On the other hand, speech related to exposing waste, ineptitude, breach of public trust, or danger to the public in government" is considered to relate to matters of public concern. *Ghosh v. Ohio University*, 861 F.2d 720, 1988 WL 118053, *4 (6th Cir. Nov.8, 1988) (unreported opinion).

2. Because the foregoing provisions of this opinion are dispositive, the Court declines to examine the issue of qualified immunity for the individual Defendants.

*year* prior to his suspension. The evidence shows that Plaintiff was disciplined for the insubordination reflected by his open letter. In direct response to the open letter, the Police Chief wrote a memo to the Trustees, stating that this was a "serious act of misconduct in office." Moorer violated a number of Police Department rules and regulations concerning loyalty, insubordination, and questioning assignments. The Trustees then charged Plaintiff, conducted an evidentiary hearing, and imposed the 60–day suspension.

In an effort to establish the causation element, Plaintiff relies on a reference in the administrative charges which states in part "he has filed three complaints of retaliation, discrimination, etc. . . . Officer Moorer, against policy, has deliberately and continually threatened lawsuits, filed spurious complaints, and grievances culminating in his insubordinate misstatements . . . contained in the ad." This evidence is insufficient to establish that his suspension would not have been imposed "but for" his filing of previous complaints. The evidence is clear that the 60–day suspension was in direct response to the letter in which Plaintiff essentially called the Police Chief a liar. His prior complaints were never mentioned in the *Westside Leader* letter nor in the full evidentiary hearing that was conducted. Moreover, the Trustees testified that Plaintiff's previous complaints had nothing to do with the discipline.

Since Plaintiff has failed to establish the necessary causation element required in a retaliation claim, Defendants' Motion for Summary Judgment on Plaintiff's retaliation claim under the ADA, ADEA, and Title VII is **GRANTED.**

## C. Retaliation Claim in Violation of Ohio Revised Code § 4112

The burden for establishing a retaliation claim under ORC § 4112 is identical to Plaintiff's burden to prove retaliation under the federal employment laws. *Johnson,* supra, at 47; *See also*

*Chandler v. Empire Chemical, Inc.,* 99 Ohio App.3d 396, 402, 650 N.E.2d 950 (1994). As discussed above, Plaintiff has not established that his suspension was the direct result of his filing previous complaints with the OCRC and EEOC. Accordingly, Defendants' Motion for Summary Judgment as to Plaintiff's retaliation claim under ORC § 4112 is **GRANTED.**

## III. CONCLUSION

Plaintiff has not satisfied his burden to overcome Defendants' Motion for Summary Judgment. "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In order for there to be a genuine issue for trial, there must be sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. *Id.* at 249, 106 S.Ct. 2505. As to Plaintiff's § 1983, First Amendment claim, Plaintiff has failed to establish that he was speaking about a matter of public concern. His open letter was merely a public airing of a disagreement he had with his boss over an internal Police Department management issue. Moorer's open letter did not mention his prior complaints nor did it address the issue of alleged discrimination by the Copley Township Police Department.

As to Plaintiff's federal and state retaliation claims, Plaintiff has come forward with no evidence to show that his suspension was in retaliation for his filing previous complaints to OCRC and EEOC. Plaintiff's conclusions and allegations are not supported by evidence. More than one year had elapsed between Plaintiff's last complaint and his suspension, and there is no question that it was Plaintiff's open letter which triggered the response culminating in his suspension.

In accordance with the foregoing opinion, the motion for summary judgment filed by Defendants is **GRANTED.**

Accordingly, the claims brought by Plaintiff Charles Moorer are dismissed with prejudice.

IT IS SO ORDERED.