## HERMAN MILLER, INC., a Michigan Corporation, Plaintiff–Appellant,

v.

## THE TRAVELERS INDEMNITY COMPANY, Defendant–Appellee.

### No. 97–1153.

United States Court of Appeals, Sixth Circuit.

Argued March 20, 1998.

Decided Dec. 21, 1998.

Eugene A. Schoon (argued and briefed), Constantine L. Trela, Jr. (briefed), Mary H. Lindsay (briefed), Sidley & Austin, Chicago, IL, Raymond S. Kent, Raymond S. Kent Law Offices, Grand Rapids, MI, for Plaintiff–Appellant.

Laura A. Brady (briefed), William T. Corbett, Jr. (argued and briefed), Shanley & Fisher, P.C., Morristown, NJ, David J. Bloss, Roberts, Betz & Bloss, Grand Rapids, MI, Michael J. Eisele, Travelers Property Casualty Corp., Hartford, CT, for Defendant–Appellee.

Before: MARTIN, Chief Judge; MERRITT and CLAY, Circuit Judges.

## OPINION

BOYCE F. MARTIN, JR., Chief Judge.

Herman Miller, Inc., challenges summary judgment granted in favor of The Travelers Indemnity Company. The district court ruled that Herman Miller was not entitled to reimbursement from Travelers for costs of defending and settling a claim brought by Haworth, Inc., alleging contributory and/or induced patent infringement. Herman Miller claims specifically that the district court erred by concluding that the policy's definition of an "advertising injury" for which indemnification is warranted does not include liability arising from patent infringement. Because the policy does not contain mention of such liability yet does expressly incorporate other forms of infringement liability, it

---

cannot be reasonably construed to include coverage for patent infringement liability. We therefore affirm the district court.

Haworth and Herman Miller design and produce modular office systems, paneling and furnishings. Haworth holds patents on, among other things, a configuration of power supply modules within pre-fabricated office panels. In its promotional literature, Herman Miller pictured a configuration of panels that, if so assembled, would have infringed Haworth's patent.[1] Haworth sued Herman Miller, and the latter requested that its insurer, Travelers, defend it in the action based upon their contract obligating Travelers to indemnify and defend Herman Miller for any damages "caused by an ... 'advertising injury.'" According to the contract, "'advertising injury' means injury arising out of the named insured's advertising, promotional or publicity activities conducted during the policy period, because of libel, slander, piracy, unfair competition, idea misappropriation, or infringement of copyright, title or slogan."

Travelers declined to defend or indemnify Herman Miller for its costs in settling the suit brought by Haworth. Herman Miller then sued Travelers in Michigan state court seeking approximately $48 million in damages. The action was removed under 28 U.S.C. §§ 1441, 1446 to the United States District Court for the Western District of Michigan. The district court found that the terms of the policy were unambiguous and did not provide for indemnification arising out of patent infringement and therefore granted summary judgment in favor of Travelers.

We review orders granting summary judgment de novo, *Brooks v. American Broadcasting Cos.,* 999 F.2d 167, 174, (6th Cir. 1993), and draw all inferences in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Where federal court jurisdiction is based on the parties' diverse citizenship, the court is to apply the law of the forum state for conflicts of law purposes. *Klaxon Co. v. Stentor Elec. Mfg. Co., Inc.,* 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). The parties do not dispute that Michigan law governs this case.

In Michigan, courts are not to apply "technical or strained constructions" to a policy's terms, but rather to read a policy in its entirety, giving commonly understood meanings to all of its terms. *See Advance Watch Co., Ltd. v. Kemper Nat'l Ins. Co.,* 99 F.3d 795, 799–800 (6th Cir.1996). Viewed alone, we could not say that the terms "piracy," "idea misappropriation," or "unfair competition" could never constitute patent infringement. However, to draw such an inference when considering these terms within the policy as a whole construes them too broadly.

The policy does include copyright infringement in its definition of "advertising injury." There is not, however, any reference to patent infringement, although such mention could have been just as easily added to the policy had that been the parties' intention. *See Advance Watch,* 99 F.3d at 803. This Court's decision in *Advance Watch* is sufficiently analogous to this case to guide our reasoning. Interpreting a clause identical to the one before us, we found in *Advance Watch* that coverage for trademark infringement could not be implicated by the given definition of "advertising injury." "Recognition of trademark and trade dress infringement as a distinct category of actionable conduct is so common that the only reasonable assumption is that if Travelers had intended to provide coverage for such liability, the insurer would have referred to it by name in the policy, as it did in the case of 'infringement of copyright, title or slogan.'" *Id.*

Because we understand patent infringement to be outside the scope of coverage of this policy, we find that the district court below properly granted summary judgment to Travelers.

---

1. The only *actual* infringements alleged were those found in the offices of Herman Miller itself, but these were considered *de minimis*. The weight of the claim focused on contributory infringement and inducement to infringe Haworth's patent based upon pictorial representations in Herman Miller's promotional literature.

For the foregoing reasons, the order of the district court is AFFIRMED.