**Bruce A. WILLEY, Plaintiff–Appellant,**

v.

**Rodney E. SLATER, in his official capacity as Secretary of the United**

States Department of Transportation, Defendant–Appellee.

No. 00–5570.

United States Court of Appeals, Sixth Circuit.

Sept. 25, 2001.

Before BATCHELDER and COLE, Circuit Judges; BECKWITH, District Judge.*

_____

* The Honorable Sandra S. Beckwith, United States District Judge for the Southern District of Ohio, sitting by designation.

Bruce A. Willey appeals the district court's grant of summary judgment for defendant Rodney E. Slater, Secretary of the United States Department of Transportation, in this employment discrimination action filed under the Rehabilitation Act, 29 U.S.C. § 701 et seq. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. *See* Fed. R.App. P. 34(a).

The facts underlying this employment discrimination action are set forth in the district court's order granting the defendant's motion for summary judgment and will not be repeated herein. Suffice it to say that Willey brought this action alleging that while he was employed by the Federal Aviation Administration ("FAA") he was discriminated against because he stopped drinking alcohol after successfully completing an alcoholism recovery program. In addition, Willey claims that he was discriminated against in retaliation for his filing an Equal Employment Opportunity ("EEO") complaint. The district court found that Willey had not presented evidence sufficient to create a jury question under the Rehabilitation Act on either his disability discrimination claim or his retaliation claim.

On appeal, Willey asserts that the district court erred in granting the defendant summary judgment on the retaliatory hostile work environment claim. Willey is not pursuing the underlying discrimination claim in this appeal.

We review a district court's decision to grant a motion for summary judgment de novo. *See Herman Miller, Inc. v. Travelers Indem. Co.,* 162 F.3d 454, 455 (6th Cir.1998). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

Willey claims that he was subjected to a hostile work environment in retaliation for his EEO complaint. He advances the following specific allegations: 1) his supervisor (Jack Moyers) often ignored him; 2) his supervisor (Moyers) spoke to him in a hostile or derogatory manner; 3) another supervisor (Bevan) stopped speaking to him; 4) Bevan (who was not Willey's supervisor) told his employees that if any of them were going to file a complaint against him to come to him first; 5) on one occasion, another supervisor (Whitlock) did not return Willey's greeting; 6) Moyers's attitude was openly negative and hostile; 7) Moyers made the statement that anyone who filed a complaint that was determined to be false would be subject to investigation themselves; 8) co-workers who associated with Willey received a cold response from Moyers; 9) Willey was subjected to heightened scrutiny; 10) another supervisor (Cowell) told Willey to be careful, Moyers was out to get him; 11) other co-workers ostracized Willey; 12) no one in management arranged for or participated in Willey's retirement party; 13) there was no comment or announcement of Willey's retirement at his final staff meeting; and 14) Moyers failed to give Willey an American flag as a token of appreciation for his years of service.

In *Morris v. Oldham County Fiscal Court,* 201 F.3d 784 (6th Cir.2000), this court modified the standard required to prove a claim of retaliation. A plaintiff must now prove that: (1) he engaged in activity protected by Title VII; (2) this exercise of protected rights was known to defendant; (3) defendant thereafter took adverse employment action against the plaintiff, or the plaintiff was subjected to severe or pervasive retaliatory harassment

by a supervisor; and (4) there was a causal connection between the protected activity and the adverse employment action or harassment. *Id.* at 792 (citing *Canitia v. Yellow Freight Sys., Inc.,* 903 F.2d 1064, 1066 (6th Cir.1990) (outlining the previous standard for prima facie case of retaliation under Title VII)). Once the plaintiff establishes a prima facie case, the burden of production of evidence shifts to the employer to "articulate some legitimate, non-discriminatory reason" for its actions. *See id.* at 792–93 (quoting *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)). The plaintiff then must demonstrate "that the proffered reason was not the true reason for the employment decision ." *See id.* at 793, 93 S.Ct. 1817 (quoting *Tex. Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 256, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981)). The plaintiff bears the burden of persuasion throughout the entire process. *See id.*

In order to establish a hostile work environment claim, an employee must show the following: (1) the employee is a member of a protected class, (2) the employee was subject to unwelcomed retaliatory harassment, (3) the harassment was based on the employee's protected activity, (4) the harassment created a hostile work environment, and (5) the employer failed to take reasonable care to prevent and correct any harassing behavior. *Williams v. Gen. Motors Corp.,* 187 F.3d 553, 560–61 (6th Cir.1999).

A hostile work environment occurs "[w]hen the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993) (internal quotations and citations omitted). Both an objective and a subjective test must be met: the conduct must be severe or pervasive enough to create an environment that a reasonable person would find hostile or abusive and the victim must subjectively regard that environment as abusive. *Id.* at 21–22, 114 S.Ct. 367. Isolated incidents, however, unless extremely serious, will not amount to discriminatory changes in the terms or conditions of employment. *See Morris,* 201 F.3d at 790. Appropriate factors for the court to consider when determining whether conduct is severe or pervasive enough to constitute a hostile work environment "include the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Harris,* 510 U.S. at 23, 114 S.Ct. 367.

Upon review, we conclude that the summary judgment evidence, taken as a whole, reveals Willey's strong subjective belief that he was the victim of retaliatory harassment; nevertheless, the record is devoid of competent summary judgment evidence of discrimination that is severe or pervasive enough to create an environment that a reasonable person would find hostile or abusive.

Accordingly, the district court's judgment is affirmed.