19 F.3d 1433
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Louis J. GRIPPI, Plaintiff-Appellant,
v.
CONSOLIDATED RAIL CORPORATION, Defendant-Appellee.
 No. 93-3819.
 United States Court of Appeals, Sixth Circuit.
 March 28, 1994.
 
 Before: RYAN and NORRIS, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 
 ORDER
 
 1
 Louis J. Grippi, a pro se Ohio resident, appeals a district court judgment dismissing his civil rights complaint filed under Title VII, 42 U.S.C. Sec. 2000e. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking injunctive and monetary relief, Grippi sued Consolidated Rail Corporation (Conrail) alleging that Conrail denied him employment opportunities in retaliation for providing information to the EEOC with regards to a Title VII claim filed by another individual.
 
 
 3
 Following a bench trial, the district court entered judgment on behalf of Conrail. Grippi filed this timely appeal essentially arguing that the district court's findings of fact are clearly erroneous. He requests oral argument.
 
 
 4
 The factual findings rendered by the district court sitting without a jury are reviewed for clear error, and are binding on appeal unless the appellate court is left with a definite and firm conviction that a mistake has been made. Owens-Illinois, Inc. v. Aetna Casualty & Surety Co., 990 F.2d 865, 870-71 (6th Cir.1993). It is the appellant who must shoulder the burden of proving such a mistake and this burden is not met merely by demonstrating a conflict in the testimony, nor by seeking to redetermine the credibility of witnesses. Id. Moreover, the appellate court must review the facts in the light most favorable to the appellee. Id. The district court's legal conclusions are reviewed de novo. Id.
 
 
 5
 Upon review, we conclude that the district court properly dismissed Grippi's claim of retaliation as to Conrail's 1988 employment hirings as untimely. 42 U.S.C. Sec. 2000e-5(e); Delaware State College v. Ricks, 449 U.S. 250, 257-59 (1980); Rasimas v. Michigan Dep't of Mental Health, 714 F.2d 614, 620 (6th Cir.1983), cert. denied, 466 U.S. 950 (1984). Furthermore, Grippi did not prove a prima facie case of retaliation regarding Conrail's 1989 hiring decisions. See Canitia v. Yellow Freight Sys., Inc., 903 F.2d 1064, 1066 (6th Cir.) (per curiam), cert. denied, 498 U.S. 984 (1990); Wrenn v. Gould, 808 F.2d 493, 500-01 (6th Cir.1987).
 
 
 6
 Accordingly, we deny the request for oral argument and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.