**Elmer B. DOWNS, Jr., Plaintiff–Appellant,**

**v.**

**POSTMASTER GENERAL, U.S. Postal Service, Defendant–Appellee.**

No. 01–5975.

United States Court of Appeals, Sixth Circuit.

March 7, 2002.

Before DAUGHTREY, MOORE and COLE, Circuit Judges.

This pro se litigant appeals a district court judgment dismissing his complaint filed under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e)–1, *et seq.* This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Elmer B. Downs, Jr., a former U.S. Postal Service employee, brought suit under Title VII alleging that a supervisor intimidated him in retaliation for prior complaints of discrimination.

The district court concluded that Downs failed to allege any act by the Postal Service that would constitute an adverse employment action, and that Downs failed to allege facts sufficient to constitute a hostile work environment. Accordingly, the district court granted summary judgment in favor of the defendant and dismissed Downs's complaint. This appeal followed.

On appeal, Downs essentially reasserts the claims set forth in the district court.

This court reviews de novo the district court's order granting summary judgment to defendants. *Johnson v. Econ. Dev. Corp.,* 241 F.3d 501, 509 (6th Cir. 2001). A grant of summary judgment will be upheld only if there is no genuine issue

of material fact and the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). When reviewing a motion for summary judgment, the court must view the evidence and draw all reasonable inferences therefrom in the light most favorable to the non-moving party. *Williams v. Int'l Paper Co.,* 227 F.3d 706, 710 (6th Cir.2000). If the moving party meets its burden of production, the non-moving party must produce more than a mere scintilla of evidence to survive summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Upon review, we conclude that the district court properly granted summary judgment in favor of the defendant. In *Morris v. Oldham County Fiscal Court,* 201 F.3d 784 (6th Cir.2000), this court modified the standard required to prove a claim of retaliation. A plaintiff must now prove that: (1) he engaged in activity protected by Title VII; (2) this exercise of protected rights was known to defendant; (3) defendant thereafter took adverse employment action against the plaintiff, or the plaintiff was subjected to severe or pervasive retaliatory harassment by a supervisor; and (4) there was a causal connection between the protected activity and the adverse employment action or harassment. *Id.* at 792 (citing *Canitia v. Yellow Freight Sys., Inc.,* 903 F.2d 1064, 1066 (6th Cir.1990) (outlining the previous standard for prima facie case of retaliation under Title VII)). Once the plaintiff establishes a prima facie case, the burden of production of evidence shifts to the employer to articulate some legitimate, nondiscriminatory reason for its actions. *Id.* at 792–93 (quoting *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)). The plaintiff then must demonstrate that the proffered reason was not the true reason for the employment decision. *Id.* at 793, 93 S.Ct. 1817 (quoting *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 256, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981)). The plaintiff bears the burden of persuasion throughout the entire process. *Id.*

In the immediate case, the record is devoid of any indication whatsoever that Downs suffered any adverse effect on the terms, benefits, or conditions of his employment. Thus, Downs did not make a prima facie case of employment discrimination because he failed to allege an adverse employment action.

Similarly, the district court properly granted summary judgment to defendant with respect to Downs's hostile work environment claim. In order to establish a hostile work environment claim, an employee must show the following: (1) the employee is a member of a protected class, (2) the employee was subject to unwelcomed retaliatory harassment, (3) the harassment was based on the employee's protected activity, (4) the harassment created a hostile work environment, and (5) the employer failed to take reasonable care to prevent and correct any harassing behavior. *Williams v. Gen. Motors Corp.,* 187 F.3d 553, 560–61 (6th Cir.1999).

A hostile work environment occurs "[w]hen the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993) (internal quotations and citations omitted). Both an objective and a subjective test must be met: the conduct must be severe or pervasive enough to create an environment that a reasonable person would find hostile or abusive and the victim must subjectively regard that environment as abusive. *Id.* at 21–22, 114 S.Ct. 367. Isolated incidents, however, unless extremely serious, will not amount to discriminatory changes in the

terms or conditions of employment. *Morris*, 201 F.3d at 790. Appropriate factors for the court to consider when determining whether conduct is severe or pervasive enough to constitute a hostile work environment include the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance. *Harris,* 510 U.S. at 23, 114 S.Ct. 367.

The record is devoid of evidence of discrimination that is severe or pervasive enough to create an environment that a reasonable person would find hostile or abusive. Downs merely alleges that a supervisor followed, stared at or stalked him on one occasion.

Accordingly, the district court's judgment is affirmed pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.