Trebion Wm. McCorvey LINDSAY,
Plaintiff–Appellant (02–5525);
Cross–Appellee (02–5618),

v.

PIZZA HUT OF AMERICA, Tricon
Inc., Defendant–Appellee (02–5525);
Cross–Appellant (02–5618).

Nos. 02–5525, 02–5618.

United States Court of Appeals,
Sixth Circuit.

Jan. 29, 2003.

Before GILMAN and GIBBONS,
Circuit Judges; and ECONOMUS,
District Judge.*

### ORDER

Tre'bion William McCorvey Lindsay, proceeding without benefit of counsel, appeals a district court judgment dismissing his employment discrimination action brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and 42 U.S.C. § 1981 (Case No. 02–5525). Pizza Hut of America and Tricon, Inc. (collectively "Pizza Hut") cross-appeal a district court judgment denying their motion for sanctions filed pursuant to Rule 11, Fed. R. Civ. P (Case No. 02–5618). These cases have been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

* The Honorable Peter C. Economus, United States District Judge for the Northern District of Ohio sitting by designation.

Seeking monetary damages and injunctive relief, Lindsay claimed that Pizza Hut—or its agents—discriminated against him on the basis of his race, skin color, and gender. He also claimed that Pizza Hut created a hostile workplace, constructively discharged him, and retaliated against him. Pizza Hut moved the district court for summary judgment and for Rule 11 sanctions against Lindsay.

The magistrate judge determined that Lindsay's claims were "absolutely devoid of any factual allegations to support a claim of discrimination based on the plaintiff's race, the color of his skin, his gender, or anything else for that matter." Accordingly, the magistrate judge recommended that summary judgment be granted to the defendants and that Lindsay be required to pay the defendants' reasonable costs of litigation, including attorney's fees. The district court granted Pizza Hut's motion for summary judgment but denied the motion for Rule 11 sanctions. The parties appeal.

In his timely appeal, Lindsay appears to reassert the claims set forth in the district court. Lindsay also spends a significant amount of time in his brief complaining about the discovery process. We grant Lindsay in forma pauperis status solely for the purposes of this appeal. Pizza Hut argues on cross-appeal that the district court's decision to deny Rule 11 sanctions was based on an erroneous review of the law.

### Case Number 02–5525

This court reviews de novo a grant of summary judgment. *Brooks v. Am. Broad. Co.*, 999 F.2d 167, 174 (6th Cir. 1993). When reviewing a motion for summary judgment, we must draw all justifiable inferences in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Christian v. Belcher*, 888 F.2d 410, 413 (6th Cir.1989). The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the plaintiff. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In considering whether summary judgment is appropriate, this court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." *Sowards v. Loudon County*, 203 F.3d 426, 431 (6th Cir.), *cert. denied*, 531 U.S. 875, 121 S.Ct. 179, 148 L.Ed.2d 123 (2000).

The district court properly granted summary judgment to defendant on Lindsay's retaliation claim. Title VII prohibits an employer from retaliating against an employee who has opposed any practice by an employer made unlawful under Title VII. It also prohibits retaliation against an employee who has participated in any manner in an investigation under Title VII. 42 U.S.C. § 2000e–3(a); *Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 578 (6th Cir.), *cert. denied*, 531 U.S. 1052, 121 S.Ct. 657, 148 L.Ed.2d 560 (2000).

In *Morris v. Oldham County Fiscal Court*, 201 F.3d 784 (6th Cir.2000), this court modified the standard required to prove a claim of retaliation. A plaintiff must now prove that: (1) he engaged in activity protected by Title VII; (2) this exercise of protected rights was known to defendant; (3) defendant thereafter took adverse employment action against the plaintiff, or the plaintiff was subjected to severe or pervasive retaliatory harassment by a supervisor; and (4) there was a causal connection between the protected activity and the adverse employment action or harassment. *Id.* at 792 (citing *Canitia v. Yellow Freight Sys., Inc.*, 903 F.2d 1064,

1066 (6th Cir.1990) (outlining the previous standard for prima facie case of retaliation under Title VII)). Once the plaintiff establishes a prima facie case, the burden of production of evidence shifts to the employer to articulate some legitimate, non-discriminatory reason for its actions. *Id.* at 792–93 (quoting *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)). The plaintiff then must demonstrate that the proffered reason was not the true reason for the employment decision. *Id.* at 793, 93 S.Ct. 1817 (quoting *Texas Dep't of Cmty. Affairs v. Burdine,* 450 U.S. 248, 256, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981)). The plaintiff bears the burden of persuasion throughout the entire process. *Id.*

In the immediate case, the record is devoid of any indication whatsoever that Lindsay suffered any adverse effect on the terms, benefits, or conditions of his employment. Thus, Lindsay did not make a prima facie case of employment discrimination because he failed to allege an adverse employment action. *See Munday v. Waste Mgmt. of N. Am., Inc.,* 126 F.3d 239, 243 (4th Cir.1997).

The district court properly granted summary judgment to defendant with respect to Lindsay's hostile work environment claim. In order to establish a hostile work environment claim, an employee must show the following: (1) the employee is a member of a protected class, (2) the employee was subject to unwelcomed retaliatory harassment, (3) the harassment was based on the employee's protected activity, (4) the harassment created a hostile work environment, and (5) the employer failed to take reasonable care to prevent and correct any harassing behavior. *Williams v. Gen. Motors Corp.,* 187 F.3d 553, 560–61 (6th Cir.1999).

A hostile work environment occurs "[w]hen the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993) (internal quotations and citations omitted). Both an objective and a subjective test must be met: the conduct must be severe or pervasive enough to create an environment that a reasonable person would find hostile or abusive and the victim must subjectively regard that environment as abusive. *Id.* at 21–22, 114 S.Ct. 367. Isolated incidents, however, unless extremely serious, will not amount to discriminatory changes in the terms or conditions of employment. *Morris,* 201 F.3d at 790. Appropriate factors for the court to consider when determining whether conduct is severe or pervasive enough to constitute a hostile work environment include the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance. *Harris,* 510 U.S. at 23, 114 S.Ct. 367.

■ The record is devoid of competent summary judgment evidence of discrimination that is severe or pervasive enough to create an environment that a reasonable person would find hostile or abusive. Lindsay primarily alleges that a supervisor rolled her eyes at him, allowed another employee to "curse" him, and offered to wager $50 that Lindsay would never be a manager. The supervisor's actions are devoid of any indication she had any discriminatory animus towards Lindsay because of his gender, race, or "light skin" color, *see Morris,* 201 F.3d at 790, and are not severe or pervasive. Because a reasonable person in Lindsay's shoes could not conclude that the incidents, caused by either

coworkers or supervisors, were sufficiently severe and pervasive to create an intolerable working environment, the district court did not err in granting summary judgment to Pizza Hut. *Cf. Jackson v. Quanex Corp.,* 191 F.3d 647, 658 (6th Cir.1999)(holding that the plaintiff's allegations of persistent racial slurs and graffiti, physical attacks, false accusations, and tampering with acid valves in an area where the plaintiff cleaned, coupled with the plaintiff's knowledge of mistreatment of other African–Americans, showed conduct severe and pervasive enough to survive summary judgment).

■ The district court properly granted Pizza Hut's motion for summary judgment on Lindsay's constructive discharge claim. Like the plaintiff in *Hartsel v. Keys,* 87 F.3d 795, 800 (6th Cir.1996), Lindsay contends that Pizza Hut's failure to promote him to what he perceives as his rightful position (shift manager) created intolerable work conditions, such that his voluntary resignation was essentially a firing. The court rejected that line of reasoning in *Hartsel,* preferring to treat the allegation as a "failure to promote" claim, and reiterated the burden-shifting principle of *McDonnell Douglas Corp.,* 411 U.S. at 802, 93 S.Ct. 1817, in establishing a prima facie case.

In Lindsay's case, even if one assumes that he established a prima facie case, he failed to produce sufficient evidence to rebut Pizza Hut's legitimate, nondiscriminatory reasons for sending a more qualified employee of two years tenure to shift manager school instead of Lindsay who enjoyed a mere three month employment history with Pizza Hut.

### Case No. 02–5618

The district court did not abuse its discretion in denying Pizza Hut's motion for Rule 11 sanctions. On cross-appeal, Pizza Hut contends that the district court's decision to deny Rule 11 sanctions was based on an erroneous review of the law. The court reviews all aspects of a district court's decision to impose sanctions pursuant to Rule 11 for an abuse of discretion. *See Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 405, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990); *Ridder v. City of Springfield,* 109 F.3d 288, 293 (6th Cir.1997). A district court has broad discretion in deciding the nature and extent of sanctions to impose under Rule 11. *See INVST Fin. Group, Inc. v. Chem–Nuclear Sys., Inc.,* 815 F.2d 391, 401 (6th Cir.1987); *see also Runfola & Assocs. v. Spectrum Reporting II, Inc.,* 88 F.3d 368, 376 (6th Cir.1996). Thus, this court's review of a Rule 11 sanction is particularly deferential, *see Cooter & Gell,* 496 U.S. at 400–05, 110 S.Ct. 2447; a district court abuses its discretion only if its ruling is predicated on an erroneous interpretation of the law or a clearly erroneous assessment of the evidence. *See id.,* at 405, 110 S.Ct. 2447; *Ridder,* 109 F.3d at 293.

The district court did not abuse its discretion in any respect. The test for imposing Rule 11 sanctions is whether the individual's conduct was reasonable under the circumstances. *See Ridder,* 109 F.3d at 293. By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument

for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Fed.R.Civ.P. 11(b).

The district court read Lindsay's deposition "in proper context" and found no support for a finding that Lindsay has violated Rule 11(b). In light of the broad discretion afforded a district court's judgment with respect to Rule 11 sanctions and this court's deferential review of that judgment, we find insufficient grounds for vacating the district court's judgment denying Pizza Hut's motion for Rule 11 sanctions.

Accordingly, the court hereby affirms the district court's judgment granting summary judgment to Pizza Hut and denying Pizza Hut's motion for Rule 11 sanctions pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit, for the reasons set forth in the district court's memorandum and order of March 29, 2002.