**Tre'Bion Wm. McCorvey LINDSAY, Plaintiff–Appellant,**

v.

**PIZZA HUT OF AMERICA, TRICON INC., Defendant–Appellee.**

No. 02–6093.

United States Court of Appeals, Sixth Circuit.

Dec. 12, 2003.

Trebion Wm. McCorvey Lindsay, pro se, Nashville, TN, for Plaintiff–Appellant.

William Alexander Blue, Jr., Teresa Rider Bult, Constangy, Brooks & Smith, Nashville, TN, for Defendant-Appellee.

Before BOGGS, Chief Judge; BATCHELDER and SUTTON, Circuit Judges.

*ORDER*

Tre'Bion William McCorvey Lindsay appeals a district court judgment awarding costs to defendant-appellee as the prevailing party under Fed.R.Civ.P. 54(d)(1). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Lindsay brought an action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.,* and 42 U.S.C. § 1981, alleging employment discrimination against Pizza Hut of America, Tricon, Inc. (collectively "Pizza Hut"). The magistrate judge determined that Lindsay's claims were "absolutely devoid of any factual allegations to support a claim of discrimination based on the plaintiff's race, the color of his skin, his gender, or anything else for that matter." Accordingly, the magistrate judge recommended that summary judgment be granted to Pizza Hut and that Lindsay be required to pay the defendant's reasonable costs of litigation, including attorney's fees. The district court granted Pizza Hut's motion for summary judgment but denied the motion for Rule 11 sanctions. This court affirmed the district court's judgment. *Lindsay v. Pizza Hut of America,* 57 Fed.Appx. 648 (6th Cir.2003), *cert. denied,* — U.S. —, 124 S.Ct. 443, 157 L.Ed.2d 320 (2003).

Pizza Hut moved the district court for costs pursuant to Fed.R.Civ.P. 54(d)(1) in the amount of $2,970.05. Lindsay objected to Pizza Hut's motion on the ground that he was indigent and could not afford to pay the costs. The district court ordered Lindsay to provide updated information concerning his financial condition and subsequently determined that Lindsay was not indigent or unable to pay. Accordingly, the district court ordered Lindsay to pay $1,500.00 of the $2,970.05 in costs incurred by Pizza Hut. Lindsay appeals.

On appeal, Lindsay essentially reasserts that he is indigent and cannot pay the costs as taxed.

This court reviews for an abuse of discretion the award of costs to a prevailing party in an employment discrimination case. *Jones v. Continental Corp.,* 789

F.2d 1225, 1233 (6th Cir.1986). Costs other than attorney's fees shall be allowed as a matter of course to the prevailing party unless the court otherwise directs. Fed. R.Civ.P. 54(d)(1); *Delta Air Lines, Inc. v. August,* 450 U.S. 346, 352, 101 S.Ct. 1146, 67 L.Ed.2d 287 (1981). Thus, the matter of costs is within the sound discretion of the district court, both under the rule and under the settled law. *See Cold Metal Process Co. v. Republic Steel Corp.,* 233 F.2d 828, 847 (6th Cir.1956). Abuse of discretion is defined as a definite and firm conviction that the trial court committed a clear error of judgment. *Bowling v. Pfizer, Inc.,* 102 F.3d 777, 780 (6th Cir.1996) (upholding the award of attorney's fees). Moreover, since costs are presumptively awarded and the issue is in the discretion of the trial court, it requires a substantial showing for the court to rule that this discretion was abused. *See Singleton v. Smith,* 241 F.3d 534, 539–40 (6th Cir.2001).

The district court, after a review of Lindsay's updated affidavit, concluded that Lindsay was not indigent or unable to pay the taxed costs. We are unable to characterize the district court's decision as an abuse of discretion.

Accordingly, we hereby affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.